## Commonwealth v. Zampogna, Appellant.

*Criminal law — Pandering—Transportation of female person—Section 5, Act of June 7, 1911, P. L. 698—Evidence—Sufficiency.*

Upon an indictment for pandering, under the fifth section of the Act of June 7, 1911, P. L. 698, evidence to the effect that the young woman, against whom the offense was charged to have been committed, bought a railroad ticket with her own money, and entered upon the journey to which the indictment referred, without being aided or assisted by the defendant, is not sufficient to sustain a conviction.

Argued November 20, 1922. Appeal, No. 13, March T., 1923, by defendant, from judgment of Q. S. Elk County, April sessions, 1921, No. 22, on verdict of guilty in the case of Commonwealth v. Joe Zampogna. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Indictment for pandering. Before HECK, P. J., 55th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, refusal to quash the indictment, refusal of new trial and the judgment of the court.

*D. J. Driscoll,* and with him *B. F. Ely,* for appellant.—The title of the Act of June 7, 1911, P. L. 698, gives no notice of its provisions with reference to the transportation of persons for purposes of prostitution: Dorsey's App., 72 Pa. 192; Union Passenger Railway Co.'s App., 81* Pa. 91; Provident Life & Trust Co. v. Hammond, 230 Pa. 407; Fedorowics v. Brobst, 62 Pa.

Superior Ct. 458; Com. v. Barbono, 56 Pa. Superior Ct. 637.

Evidence improperly secured may not be used and to admit in evidence papers taken without right is a violation of the constitutional rights of the defendant: Gouled v. U. S., 255 U. S. 298; Amos v. U. S., 255 U. S. 313; Com. v. Cameron, 229 Pa. 592.

The evidence was not sufficient to sustain a conviction: Com. v. Lavery, 247 Pa. 139.

*John C. Arnold,* and with him *Fred W. McFarlin,* District Attorney, for appellee.—The title of the act is sufficient: Com. v. Falk, 59 Pa. Superior Ct. 217.

Federal decisions are not binding upon the appellate courts of Pennsylvania in construing the Pennsylvania Constitution: Com. v. Cameron, 42 Pa. Superior Ct. 347.

The admissibility of evidence is not affected by the illegality of the means through which it is obtained: Com. v. Vigliotti, 75 Pa. Superior Ct. 366; Com. v. Exler, 61 Pa. Superior Ct. 423.

Opinion by Henderson, J., April 30, 1923:

The defendant was convicted of pandering, on an indictment drawn under the 5th section of the Act of June 7, 1911. The indictment contained four counts and the conviction was had on the fourth count which charged that the defendant "did aid and assist in obtaining transportation for, by means of a conveyance, to wit, a passenger train on the Buffalo, Rochester & Pittsburgh Railroad through and across the Commonwealth, to wit, the counties of Elk and McKean, a female person, to wit, Genevieve Hammond, with intent and purpose to induce, entice and compel the said Genevieve Hammond to become a prostitute." It was contended at the trial that the 5th section of the statute is unconstitutional in that the offense therein described is not covered by the title. Objection was also made to the introduction of a letter written by the young woman against whom the offense

was charged to have been committed, on the ground that it was obtained in violation of the search and seizure provisions of the bill of rights. It was further contended that the evidence was not sufficient to sustain the conviction and that the court should have so ruled. It was the opinion of the trial judge filed on the rule for an arrest of judgment and a new trial that the conviction could be sustained under the first section of the statute, and this contention was urged on the part of the Commonwealth at the argument of the appeal. A careful review of the case brings us to the conclusion that it must be disposed of on the inquiry whether the Commonwealth presented a case which should have been submitted to the jury. It is unnecesary therefore to consider the elaborate arguments presented on the unconstitutionality of the statute and the right of the defendant to be protected against unreasonable search. The statute introduces a new subject into the catalogue of crimes and must be strictly construed. The responsibility of the defendant for all that could be lawfully charged against him is unquestioned; on the other hand the statute may not be extended to apply to conduct which the legislature did not intend to make criminal by the enactment of the section under which the conviction was obtained. The prior sections are directed against acts which come within the definition of pandering. They are not specific prohibitions of fornification or adultery, nor do they provide a punishment for either of those offenses; they are elsewhere legislated against. There can be no doubt about the intention of the legislature with respect to the character of the offenses described in the first section of the statute. They relate to the procuring, inducing, enticing, or encouraging a female to become a prostitute, or to enter a place for the purpose of prostitution. The significance of these words in the statute under consideration was discussed in Commonwealth v. Lavery, 247 Pa. 139, where, with the concurrence of popular understanding and abundant authority, it was held that the

word prostitute means a public strumpet, a female given to indiscriminate lewdness, and the place to which she is persuaded, induced, enticed or encouraged to go is a house of ill fame, a place of assignation, or elsewhere in which it was intended that she should become a prostitute as that term is properly understood. Referring to the indictment it will be seen that the act charged is not procuring, inducing, persuading or enticing the female named to become a prostitute or to enter a house of prostitution. The charge is that the defendant transported or aided in the transportation of the person from one place to another. What the 5th section of the statute legislates against is transportation or aiding in transportation with the specific intent. If there was no transportation there could be no conviction for the intent must be inferred from the overt act charged and the attendant circumstances. Whatever intent may have existed in the mind of the defendant, if it did not prompt the act charged, the case is not within the prohibition of the statute. That the legislature had in mind only the carriage of the female person from one place to another not only appears from the use of the words transport or cause to be transported or aid and assist in "obtaining transportation," but also from the words "by any means of conveyance," as well as by the provision of the same section relating to jurisdiction wherein it is provided that the defendant may be indicted, tried and convicted in any county or city in or through which "he shall so transport or attempt to transport any female person, as aforesaid." Coming then to the evidence, we fail to find any testimony showing that the defendant transported the young woman as charged in the indictment. The only evidence on the subject is that intending to go to Bradford to secure a position in a restaurant or confectionary store, she bought a railroad ticket with her own money and entered a railroad car in the usual manner; her mother accompanying her to the station. We do not find any evidence that she was aided or assisted in this act by the

defendant. It did appear that the defendant promised to assist her in getting a position in Bradford, and he had asked a friend of his living in that city to procure a lodging place for her, but it cannot be successfully contended that this is conduct which the 5th section of the statute prohibits. It was further shown that about a week after the young woman arrived at Bradford, the defendant visited her at her request and while there gave her some money, but it was not shown directly or indirectly that this contribution had any relation to the transportation of the young woman. Neither the request to a friend to find the young woman a place to live, nor the subsequent contribution to her, are acts from which it could be legitimately inferred that the defendant transported the person as charged in the indictment. The obligation of the Commonwealth was to show that the defendant furnished the transportation or aided in providing it. The transportation was the going by conveyance from Ridgway to Bradford. If the young woman had gone in her own automobile, or had been carried gratuitously by a friend without the assistance of the defendant, the statute would not apply. No more does it where the transportation was furnished by the railroad company in the usual way at the cost of the person carried. Whatever reprehensible conduct the defendant may have engaged in, he can only be punished according to law. Foundation for the accusation against him must exist in the prohibition of some statute or in the common law, and where the act charged is not supported by proof, a conviction cannot be sustained. As it is unquestionable that the indictment properly charges an offense covered by the 5th section of the statute and does not describe an offense under any other section of the act, the case must stand or fall on the sufficiency of the evidence to sustain the specific charge. It follows that the judgment must be reversed.

The judgment is reversed and the appellant is discharged from his recognizance.