Commonwealth *v*. Neely, Appellant.

Argued December 18, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

590

*Joseph M. Orringer,* for appellant.

*Charles B. Jarrett,* Assistant District Attorney, with him, *Andrew T. Park,* District Attorney, for appellee.

OPINION BY HIRT, J., January 30, 1940:

The defendant was convicted on two indictments, one drawn under the first and the other under the fifth section of the Act of April 24, 1931, P. L. 52 charging him with pandering, within the definition of the act, and with transporting a female for the purpose of prostitution. The verdict on the charge of pandering was set aside and defendant discharged; the court en banc refused to arrest the judgment or to grant a new trial on the charge under the fifth section and from the sentence imposed, the defendant has appealed.

The following are the admitted facts essential to a disposition of this appeal. Melba Wall a young woman was a resident of Pittsburgh where she was employed in domestic service. During the month of August 1938 following a chance acquaintance with the defendant, he, on a number of occasions, suggested to her that she give up her employment as a domestic and enter a house of prostitution. He agreed to place her on the understanding that her earnings would be divided equally between them. The defendant represented to her that there was no opportunity for placement in the city of Pittsburgh and for that reason took her with her con-

sent in his own automobile to New Kensington in Westmoreland County intending to enter her there as an inmate of a house of prostitution known as "Rose's Place." When they arrived at New Kensington, they found that this house had been closed following a raid by the police and because of unfavorable prospects in New Kensington they returned to Pittsburgh but with the understanding that they would meet again on her next day off and would go together to Akron, Ohio where the defendant would establish her in a house of prostitution. However, after the trip to New Kensington the prosecutrix repented of her agreement and reported the whole matter to her employer, following which, the defendant was apprehended and charged with these offenses.

The fifth section of the Act of 1931 is a rescript, in identical language, of the corresponding section of the Act of June 7, 1911, P. L. 698, 18 PS 811. By this section of the act it is provided that "Any person who shall knowingly transport or cause to be transported, ...... by any means of conveyance, into, through, or across this Commonwealth, any female person for the purpose of prostitution, or with the intent and purpose to induce, entice, or compel such female person to become a prostitute, shall be deemed guilty of a felony," and further, "Any person who may commit the crime in this section mentioned may be prosecuted, indicted, tried, and convicted in any county or city in or through which he shall so transport or attempt to transport any female person, as aforesaid."

This section has been the subject of thorough consideration and construction by this court in two cases, *Com. v. Fideli*, 81 Pa. Superior Ct. 79 and *Com. v. Zampogna*, 81 Pa. Superior Ct. 74. And since all phases of the act applicable to this appeal have been interpreted and construed, it remains for us merely to apply the facts in the case before us to the principles there stated. In

the Fideli case Judge HENDERSON, speaking for the court, said: "The fifth section relates to transportation for the purpose or with the intent therein set forth. The language is plain and commonly understood. To transport is to carry from one place to another—a conveyance is the means or way of carriage. That the words were used in their common and well-understood meaning further appears from the provision in the same section that any person who may commit the crime in this section forbidden may be prosecuted, indicted, tried and convicted in any county or city through which he shall so transport or attempt to transport any female person as aforesaid. To bring a case within this section there must be therefore the transportation of a female for the purpose of prostitution, *or* with the intent to induce, entice or compel such female to become a prostitute." (Italics supplied.)

In the agreed facts, the elements necessary to make out the offense created by this section of the act, are present. The former conduct of the prosecutrix is not impugned; she was not a prostitute. She was induced to agree to become a prostitute by the persistent importuning of the defendant and she was transported by the defendant for the purpose of prostitution. From the statute as construed by this court it is clear that section five prohibits two classes of acts, either of which is a violation of the statute. It is therefore unimportant that the prosecutrix had been induced to become a prostitute in Pittsburgh and that she had agreed to the plan before the trip to New Kensington, for transportation alone for the purpose of prostitution though upon agreement is a violation of the act. It is also immaterial that no act of prostitution was committed, in view of the testimony that defendant's expressed purpose in transporting the prosecutrix to New Kensington was to establish her in "Rose's Place", a house of prostitution. The purpose in transporting de-

termines the guilt regardless of whether that purpose be consummated.

That transportation in the Commonwealth from one county into another, is within a strict construction of the language of the act, "through or across this Commonwealth," is clear from the section as a whole. The distance traveled is immaterial. "That the legislature had in mind only the carriage of the female person from one place to another not only appears from the use of the words transport or cause to be transported or aid and assist in 'obtaining transportation,' but also from the words 'by any means of conveyance,' as well as by the provision of the same section relating to jurisdiction wherein it is provided that the defendant may be indicted, tried and convicted in any county or city in or through which 'he shall so transport or attempt to transport any female person, as aforesaid.' " *Com. v. Zampogna, supra.*

The judgment is affirmed and it is ordered that the record be remitted to the court below and that the defendant appear in the court below at such time as he may be called and that he be by that court committed until he has complied with the sentence or any part thereof which had not been performed at the time his appeal was made a supersedeas.