## Commonwealth v. Rhey et al.

*Andrew T. Park,* district attorney, and *Roy T. Clunk* and *Charles B. Jarrett,* assistant district attorneys, for Commonwealth.

*P. J. McArdle, P. H. McGuire,* and *Charles B. Prichard,* for defendants.

PER CURIAM, March 15, 1941.—It is advisable to record the matter under discussion because the problem presented in these applications for parole has never been raised before in Pennsylvania.

These defendants have been in jail since November 18, 1940, and on March 17, 1941, will have served four months, or one third of the minimum sentences of one year, and we now have before us opinions of the Superior Court of Pennsylvania which show that the special investigation by the grand jury which resulted in indictments against defendants was conducted in an illegal manner.

Defendants were unable to have these Superior Court decisions before us at the time of their trial in March 1939, and their sentences in July 1939, for the simple reason that the decisions were not handed down to become the fundamental law of Pennsylvania until October 1939. Now that they are the law, how do they affect the present position of defendants?

A brief summary of the developments in the case shows that the grand jury for the November sessions, 1938, was charged by the judge presiding in the criminal courts to

make a special investigation concerning charges that certain persons had attempted to corrupt and influence jurors in connection with the case of Commonwealth v. Pryel et al., in the court of quarter sessions at no. 307, October sessions, 1937. In the course of this special investigation by the grand jury defendants, who were under arrest, were taken before the grand jury as witnesses. Many other witnesses were called before the grand jury during the course of this special investigation. *All these witnesses, including defendants, were sworn by the foreman of the grand jury, and no witnesses were sworn by a judge serving in the criminal courts.* After its special investigation had been completed, the grand jury called no witnesses before it, but returned two indictments against defendants at the above numbers and term, one charging embracery and the other charging conspiracy to commit embracery. The trial of defendants began on March 15, 1939, and the jury found them guilty on both indictments. After arguments new trials were refused, and they were sentenced on July 13, 1939. Up to this time the appellate courts of Pennsylvania had never decided who had the power or authority to swear witnesses appearing before the grand jury while that body was conducting a special investigation. In the cases at bar the question was not raised on the argument for a new trial, and therefore could not be raised on the appeal to the Superior Court which was argued before that court on October 2, 1939.

Thereafter, on October 10, 1939, the Superior Court of Pennsylvania handed down its decision in the case of Commonwealth v. Hubbs (No. 1), 137 Pa. Superior Ct. 229, stating the law to be that the foreman of the grand jury has no power or authority to administer the oath to witnesses who are called to testify during a special investigation by the grand jury. This decision of October 10, 1939, was the first ruling on the subject by an appellate court of Pennsylvania as the Superior Court states (p. 235):

"Both sides concede the exact question now raised has not been decided by either appellate court and that there has been some contrariety of opinion . . . in our lower courts."

After an exhaustive examination of the question involved, the Superior Court definitely settled the matter for all time in ruling (p. 244) :

"It follows that when a grand jury is engaged in the extraordinary function of investigating matters given it in charge by a court and has no formal bills before it, the witnesses about to be examined by it must be sworn or affirmed by a judge of the court which has directed and is supervising the investigation."

After this decision of the Superior Court had been handed down, as well as the opinion in the case of Commonwealth v. Brownmiller et al., 137 Pa. Superior Ct. 261, in which the same ruling was made, on motion of the District Attorney of Allegheny County, several indictments against these defendants were quashed by the court because of the irregularity of having the witnesses sworn by the foreman of the grand jury. There have been other orders quashing an indictment against one Stanley Bennett, indicted after another special investigation by a grand jury where the witnesses were sworn by the foreman, for the reason that this new principle laid down by the Superior Court established the illegality of the grand jury proceedings.

The matter then resolves itself into this proposition—should defendants be kept in jail for an additional eight months, when it is now clear under the law that the grand jury proceedings and the indictments of these defendants were irregular and illegal? Because of this unusual situation as above set forth, it is our opinion that they are entitled to be placed on parole for the balance of the imposed sentences, the paroles to be effective as of March 17, 1941.