Commonwealth, Appellant, *v.* Brownmiller et al.

Argued September 25, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Leon Schwartz,* District Attorney, with him *Mitchell Jenkins,* and *Francis J. Beckley,* Assistant District Attorneys, for appellant.

*John H. Bigelow,* with him *Roy B. Pope, F. Merle Mackin, William A. Corcoran, Frank P. Lenahan,*

*James M. Stack, Frank J. Flannery, Patrick J. Flannery, H. O. Bechtel, Charles M. Bowman* and *T. M. Lewis,* for appellees.

OPINION BY CUNNINGHAM, J., November 15, 1939:

The grand jury functioning at the April Term, 1939, of the Quarter Sessions Court of Luzerne County returned an indictment against Roy E. Brownmiller, Secretary of Highways of the State of Pennsylvania, William J. Carroll, a District Engineer of the Highway Department, and John Conlon, Jr., Superintendent of State Highways in Luzerne County, in which they were charged with having conspired, shortly before the general election of 1938, "to cheat and defraud the Commonwealth of Pennsylvania of its moneys and property ...... by a wasteful, wicked, corrupt and unauthorized expenditure of public moneys for political purposes." Among the overt acts charged were the making of "grossly excessive overdrafts of the funds allotted for State Highway purposes in Luzerne County," and the "submission and passing for payment" of fraudulent payrolls.

On July 24th the court below, upon motion of counsel for the defendants, quashed the indictment by reason of "fatally defective" procedure in obtaining it, and suggested that the district attorney prepare a new indictment "along the regular line of legal procedure" and present it to the August grand jury. Instead of adopting that suggestion, the representatives of the Commonwealth took this appeal from the order quashing the indictment as returned.

Shortly after the oral argument in this court we entered an order, dated September 29, 1939,[1] affirming

--------

[1] "Per Curiam. We are all of opinion that the order, entered by JONES, P. J., for the court below, under date of July 24, 1939, quashing the indictment returned at the above number and term of that court in which the appellees, Roy E. Brownmiller, Secretary of Highways of the State of Pennsylvania, William J. Carroll, a

the action of the court below, without prejudice to the right of the district attorney to renew the prosecution in a legal manner, and stating an opinion would follow at our earliest convenience.

A general outline of the history of the indictment from the quashing of which this appeal was taken is essential to an understanding of the question of law involved thereunder.

Upon the petition of the district attorney, alleging that an investigation made by him had disclosed competent and credible evidence of the commission of various criminal acts by officers, agents and employees, of the Highway Department of the Commonwealth affecting the public generally, the presiding judge of the quarter sessions gave in charge to the April grand jury the

District Engineer of the Highway Department, and John Conlon, Jr., Superintendent of State Highways in Luzerne County, are charged with having conspired to cheat and defraud the Commonwealth of Pennsylvania of its moneys and property, should be affirmed.

"As we find a stipulation in the record before us that the decision in the case now at bar shall control the disposition of fifty-two other indictments, in which fifty-one defendants, including the present appellees, are charged with crimes affecting the public at large—conspiracy to defraud the Commonwealth, violation of the election laws, blackmail and extortion—we deem it our duty to make a prompt disposition of this appeal, withholding the filing of a formal opinion until a recess in our current argument list affords an opportunity for its preparation.

"Accordingly, the Commonwealth's assignment of error to the order quashing the indictment is overruled and the order affirmed, without prejudice to the right of the district attorney to draw a new indictment against the appellees, properly charging them with the crime of having conspired to cheat and defraud the Commonwealth and having endorsed thereon the names of witnesses by whom he proposes to support the accusation, and to apply to the court below for leave to present the same, as a district attorney's bill, to a grand jury regularly functioning in that court; or, if he prefers, to have an information made before a committing magistrate and proceed in the regular way with a criminal prosecution for the alleged conspiracy."

matter of investigating the charges set out in detail in the district attorney's petition. In his special charge to the grand jury he recapitulated the charges contained in the petition of the district attorney and submitted them to the grand jury for a full and prompt investigation. After defining and describing the crimes of conspiracy to defraud the Commonwealth, violation of election laws, blackmail and extortion charged in the petition, the following instruction relative to procedure was given:

"Now, members of the jury, if in the present proceedings after hearing such witnesses as shall be sent before you, you conclude by the affirmative vote of twelve of your number that there is probable cause to believe that some unlawful act or acts have been committed, you will make a presentment thereof to the court, setting forth informally the nature of the offense, the names of the persons who, you believe, committed or participated in the offense and the time and place of the commission thereof as accurately as you may. Thereupon the court will direct the district attorney to prepare an indictment or formal statement of the charge charging the persons named by you with the offenses so found. *Thereafter the case will proceed in the same manner as all other criminal cases, no matter how instituted.* When the indictment has been laid before you, you will have to determine whether or not it correctly sets forth the charge contained in your presentment and whether it shall be returned as a 'true bill' or 'ignoramus.' It can be returned as a true bill only if twelve of your members so affirmatively declare." (Italics supplied)

On April 6, 1939, the grand jury made a presentment, charging in detail that the defendants, and some forty-eight other persons connected with or employed by the State Highway Department, had committed certain specified criminal offenses, and recommending that in-

dictments be drawn against the persons named in the presentment.

The indictment with which we are now concerned is one of fifty-three prepared by the district attorney in accordance with the recommendation of the grand jury. It bears the following endorsement:

"And now, to wit, April 8, 1939, after presentment by the grand inquest numbered to 504 February Sessions 1939, Leon Schwartz, District Attorney, is directed to submit the within bill of indictment to said grand inquest for its consideration. By the Court, McDONALD, J."

Disregarding the instruction given by the presiding judge that the case should "proceed in the same manner as all other criminal cases, no matter how instituted," the district attorney failed to mark on the indictment the names of the witnesses by whom the Commonwealth proposed to sustain the specific charges therein contained, as contemplated by the Act of April 5, 1826, P. L. 204, reenacted as Section 10 of the Act of March 31, 1860, P. L. 427, 19 PS §731. On the same day upon which the authorization to the district attorney to present the indictment to the grand jury was given it was laid before that body and, without the taking of any testimony at that time, returned by it a "true bill."

On May 13th counsel for the defendants filed their written motion to quash the indictment in which some seventeen grounds were set forth. In view of the reasons assigned by the court below in support of its order granting the motion, we may confine our attention to the following averments:

"5. That the indictment is based upon an illegal presentment, in that the witnesses who testified before the grand jury in connection with said presentment, were not sworn by the court.

"6. That the presentment upon which the indictment was predicated, was based upon the testimony of

witnesses called before the grand jury and sworn by the foreman or a member of the grand jury; and that no authority exists in law vesting power in the foreman or a member of the grand jury to swear witnesses called in support of a presentment only.

"7. That as appears by reference to the indictment, no names of witnesses were endorsed thereon and hence the indictment is void.

"8. That in support of said indictment no witnesses were called."

The representatives of the Commonwealth in their answer admitted that the witnesses who testified before the grand jury during the course of its investigation and upon whose testimony the presentment was made were sworn by the foreman of the grand jury, and not by the court; that no names of witnesses were endorsed on the indictment; and that when it was submitted to the grand jury no witnesses were called, or recalled before, or any evidence submitted to, that tribunal.

Although admitting these facts relative to the procedure under which the presentment was made and the indictment obtained, the Commonwealth disputed the "legal conclusions" drawn therefrom by counsel for the defendants. Similar motions to quash, and answers thereto, were filed with respect to the other fifty-two indictments returned in the court below and appeals were taken from the orders severally quashing these additional indictments. By stipulations filed in both courts it was agreed that the judgment entered by this court in the present appeal should control the disposition of the additional appeals.

We had occasion in the recent case of *Com. v. Hubbs, (No. 1.)* 137 Pa. Superior Ct. 229, 8 A. 2d 618, to consider the contention advanced in the above quoted fifth and sixth grounds for quashing the present indictment to the effect that the presentment upon which it was based was invalid because the witnesses before the grand jury were illegally sworn, in that their oaths or affirma-

tions were administered to them by the foreman of the grand jury instead of by the court. It was there held by a majority of the members of this court that witnesses called to testify before a grand jury engaged in a general investigation of a matter given them in charge by a court, as distinguished from witnesses whose names had been endorsed upon a formal indictment by a district attorney and who were called in support of specific charges therein contained, should be sworn by the court. That decision, however, does not dispose of the real question involved in the present appeal. We are here dealing with a district attorney's bill presented to a grand jury by leave of court. It is of little consequence where a district attorney obtains the information upon which he predicates such a request. In *Com. v. Brown,* 23 Pa. Superior Ct. 470, 495, it was obtained from the report of a committee appointed by the Board of Public Education to investigate alleged offenses by certain school directors. It has been repeatedly held that, in the absence of a "manifest and flagrant" abuse of the powers vested in him, the action of a district attorney in preferring a bill, with leave of court, in cases involving offenses of a public nature will not be reviewed: *Com. v. Sharpless,* 31 Pa. Superior Ct. 96, 99, *Com. v. Ramsey,* 42 Pa. Superior Ct. 25, 30, and cases there cited. Nor is it essential that the district attorney's reasons be set forth upon the record. *Com. v. Rothensies,* 64 Pa. Superior Ct. 395, 416. See also Sadler's Criminal Procedure in Pennsylvania, 2d Ed., Sections 213-215, *Com. v. Green,* 126 Pa. 531, 537, 17 A. 878 and *Com. v. Norris,* 87 Pa. Superior Ct. 66.

No matter how irregular the investigatory proceedings before the grand jury may have been, the presentment at least furnished the district attorney with information sufficient to justify his application for leave to present a district attorney's bill.

The real difficulty in the case now at bar arises out of the admitted facts that, as averred in the seventh

and eighth grounds for quashing, no witnesses' names were endorsed upon the indictment, nor were any witnesses called before the grand jury in connection with, or subsequent to, the submission to it of the indictment in question. As stated by the court below in its opinion, the vital question is whether these facts render the bill fatally defective. In *Com. v. Morris et al.*, 91 Pa. Superior Ct. 571, 574, it was held that one of the grounds upon which an indictment may be quashed for matters not apparent upon the face of the record is "where no witnesses appear before the grand jury."

Undoubtedly the established, and so far as we have been able to discover unbroken, practice in Pennsylvania has been for the district attorney to endorse upon the back of the indictment, no matter from what source it may have originated, the names of the witnesses by whose testimony he proposes to prove the charge or charges he has written upon its face in the exercise of his official responsibility and over his signature. We have no hesitation in holding that where a grand jury is considering a formal indictment laid before it by a district attorney it may not swear and examine any witness whose name has not been "marked" thereon by the district attorney: *Com. v. Edmiston*, 30 Pa. Superior Ct. 54; *Com. v. Morris*, supra; *Com. v. Carlucci*, 48 Pa. Superior Ct. 72; and *Com. v. Wilson*, 6 Kulp 40, 9 C. C. 24.

The reason back of the rule which requires a district attorney to mark the names of the witnesses for the Commonwealth upon an indictment and restricts a grand jury to the examination of witnesses whose names are so endorsed, is that an accused is entitled to know who his accusers are, as well as the exact crime with which he is charged: Blackstone's Commentaries, Book 4, p. 306, note.

Although the defendants named in the indictment submitted to the grand jury were charged with **grave**

offenses and the district attorney was entirely familiar with the names of the witnesses by whom he intended to support those specific charges, he neither marked their names upon the indictment nor called any of them to testify before the grand jury. The court below was fully justified in refusing to countenance such a departure from established procedure and in holding the indictment here involved fatally defective. The procedure of which we approved in *Com. v. Hackney,* 117 Pa. Superior Ct. 519, 178 A. 417, should have been followed in the present case. For the reasons herein stated we entered our order of September 29, 1939, affirming the action of the court below.