Commonwealth *v.* Spallone, Appellant (No. 2).

Argued October 26, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

*Lewis R. Long,* for appellant.

*Irving W. Coleman,* with him *Clyde W. Teel,* Assistant District Attorneys, and *Henry K. VanSickle,* District Attorney, for appellee.

OPINION BY KENWORTHEY, J., January 27, 1944:

Defendant was convicted and sentenced under two indictments charging pandering and knowingly transporting a female for purposes of prostitution. Act of 1939, June 24, P. L. 872, §§513, 517, 18 PS §§4513, 4517. The appeal challenges the sufficiency of the evidence to sustain the convictions, complains of rulings by and the demeanor of the trial judge in the conduct of the trial, and alleges fatal procedural irregularities.

The commonwealth's principal witness, Janette Rogers, a prostitute, testified that on December 30, 1941, appellant appeared with her 'man,' Al Williams, in Scranton, where she was working, and asked "would I come down to Easton to work here over the holiday season as they were very short on girls ...... to help his brother Mike out over the holidays." She had known appellant and knew he wanted her as an inmate of the bawdy house at 521 Pine Street. After first hesitating because of the recent raids in Easton, she agreed to go. Appellant then, in his car, drove her and Williams to Easton, left her in the vicinity of the bawdy house and directed her to it. During the trip, appellant told her she would make good money over the holidays and, although he couldn't guarantee it, if she proved satisfactory she might get a steady job. She worked at the

house until the state raid on January 3, 1942, and a week later spoke to defendant in Wilkes-Barre where he told her "he was sorry about the raid and he had no idea that anything like that was going to happen or he would not have asked [her] to come to Easton in the first place."

This testimony amply supports the convictions on both indictments.

Appellant contends the two offenses—pandering and knowingly transporting—merged and, relying on *Com. ex rel. Ciampoli v. Heston,* 292 Pa. 501, 141 A. 287, argues that the commonwealth should have been compelled to make an election and to prosecute but one indictment. But that case holds merely that where one is convicted of overlapping crimes growing out of the same transaction, only one penalty may be imposed. See *Com. ex rel. Russo v. Ashe,* 293 Pa. 322, 324, 142 A. 317. And we do not reach the question whether the crimes merged, because the court imposed concurrent sentences. Moreover, they did not merge. The crime of transporting was complete when appellant drove the girl from Scranton to Easton for the purpose of prostitution irrespective of whether or not she actually entered a bawdy house. *Com. v. Neely,* 138 Pa. Superior Ct. 589, 10 A. (2d) 925. The crime of pandering was the separate offense of inducing her to enter and did not necessarily involve the transportation. *Com. ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 104, 21 A. (2d) 920.

The motion to quash the indictments was properly overruled. As originally drawn, each indictment contained an additional count, subsequently quashed, charging pandering and transportation of another prostitute, Chiquita Gomez. Appellant contends the endorsement of her name on the indictments indicated that she testified before the grand jury, that her testimony was irrelevant to the charges pertaining to Janette Rogers, that it ultimately proved irrelevant for

any purpose and that it was prejudicial. If this contention were sound, whenever the Commonwealth prosecutes an indictment with separate counts, it would be required to convict on all of the counts or none of them because the evidence presented to the grand jury on the one on which defendant was acquitted would be irrelevant. The rule is well settled that a defendant cannot, on a motion to quash, show that irrelevant evidence was presented to the grand jury. *Com. v. Morris,* 91 Pa. Superior Ct. 571.

Appellant complains of the manner in which the trial judge interrogated the commonwealth's principal witness and his interruptions of counsel. A trial judge has a right to interrogate witnesses. *Com. v. Myma,* 278 Pa. 505, 123 A. 486. Examination of the record reveals no hostility. Nor do we find any reversible errors in the rulings on the admission of evidence. As in *Com. v. Gatto,* 154 Pa. Superior Ct. 25, 34 A. 2d 840, certain minor irrelevancies crept in which, in our opinion, were not prejudicial. When read as a whole, the charge to the jury was adequate, fair and correctly stated the law.

In *Com. v. Spallone (No. 1),* 154 Pa. Superior Ct. 282, 35 A. 2d 727, we disposed of the contentions, similarly made here, that the jury was not properly sworn and that the court erred in authorizing, on its own motion, the selection of two alternate jurors. We need not repeat what was there said.

The judgments are affirmed and defendant is directed to appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with his sentence or any part of it that had not been performed at the time the appeals were made a supersedeas.