## Commonwealth v. Reeher

*Walter Braham*, for petitioner.

LAUB, J., Specially Presiding, October 14, 1957.—On September 27, 1957, Perry L. Reeher, district attorney of Lawrence County, was charged with the crime of conspiracy before a justice of the peace. On October 1, 1957, he appeared before the committing magistrate, waived hearing, and, in consequence, was bound over to the December sessions of quarter sessions court.

On October 8, 1957, Reeher filed a petition in this court alleging his election to waive indictment by a grand jury and asking to be tried by a jury of 12 to be selected from the panel of jurors summoned for October civil court. He suggests the week beginning October 28, 1957, as the most favorable time for such trial to take place. His reasons for filing the petition are of no moment at this time, but since his petition

asks us to take action in accord therewith, we are presently required to dispose of the problems therein raised.

Any person charged with the commission of crime in this Commonwealth, except homicide, has the right to waive indictment by a grand jury, to plead not guilty and to have a speedy trial either with or without a jury, whichever he elects. Such right is conferred by the Act of April 15, 1907, P. L. 62, sec. 1, as amended, 19 PS §241. The procedure established by said act is for defendant to notify the district attorney * of his intention to waive indictment, whereupon the said officer is required to prepare a district attorney's bill and the court is required to bring defendant to a speedy trial. There is nothing therein contained requiring the court to bring defendant to trial prior to the assembling of the panel of jurors summoned for the next term of criminal court, nor is there any requirement that the court employ a civil court panel for the purpose of such trial. We are of opinion, however, that the court may advance a case for trial, and use a civil court panel if necessary, if the exigencies of the case demand it and the interests of justice shall be thereby served. However, in the present case the panel for September criminal court was not discharged, but was dismissed on call. We could, therefore, recall the September jury if the occasion warranted it.

Because this matter seems to be one of first impression in this Commonwealth, we feel it necessary to comment at the outset upon certain features revealed by the petition in this case. There is nothing contained in the statute above mentioned which sanctions the method which defendant has adopted here. We do not regard this as fatal since nothing is said as to the

* The Attorney General having superseded the district attorney in this case, the notice of waiver would have, of course, to be given to him.

manner in which the required notice is to be given or how the attention of the court is to be drawn to defendant's election under the statute. In fact, had defendant given formal notice to the prosecutor as required under the act, and had the prosecutor not then made arrangements for a speedy trial, a petition of the kind before us would be clearly in order.

But, we are deeply concerned over the circumstance that defendant has not unconditionally waived indictment. A reading of his petition discloses that he waives such indictment only upon the condition that: (1) He be forthwith furnished with the names and addresses of the Commonwealth's witnesses; and (2) an immediate trial is granted to him. Of the two, the second gives us no difficulty, but the first poses a serious question whether defendant has, indeed, waived indictment by a grand jury. There is no authority that we can discover which requires the Commonwealth to disclose the names and addresses of its witnesses. True, where an indictment is presented to a grand jury the names of those called before such body must be endorsed upon the bill. The reason for such rule is that defendant may thus know who his accusers are: Commonwealth v. Brownmiller, 137 Pa. Superior Ct. 261, 268.

But where a defendant waives indictment, he also waives such rights as normally accompany grand jury proceedings. Included therein would be a waiver of the right to knowledge of who his accusers may be. If a defendant be in doubt as to who his accusers are, and if he wishes to use the processes of the law to discover their identity, he may do so by standing upon his undoubted right to have them revealed by endorsement on the bill. He may not waive indictment on the one hand, and on the other demand one of the consequential incidents of such a proceeding. It may be that a defendant may demand, in advance of trial, the names of witnesses to be called before a petit jury. If there

is authority for such proposition, we are not aware of it. Conceivably, a district attorney may discover witnesses who may be persuasive of guilt long after a grand jury has acted. Can it be said that because such names were not endorsed on the bill they may not be called by the Commonwealth, or, if called, that a substantial right of the accused has been denied?

In view of the fact that a grand jury merely determines the existence of probable cause and not the guilt of a defendant, it seems clear that there is no inseparable relation between witnesses who can show probable cause and those who can show culpability. The proof on the one hand merely shows the commission of the crime and that defendant probably committed it, while on the other it shows that defendant not only probably but actually did commit it. For these reasons we see no right in a defendant, in a criminal case, to demand in advance the names and addresses of the witnesses who will appear against him. Pretrial discovery in criminal matters has not generally been accepted and at the common law there was no such right: Wharton's Criminal Evidence, Vol. 2, §671 (12th Ed.).

Although a liberal construction of the rules of civil procedure regarding pretrial discovery is an accepted practice, no such construction can be placed upon the principles arising out of the criminal law. The reason is that not only is there a greater danger of abuses in criminal matters, but there is no rule of comity which can be enforced. A defendant, in a criminal case, protected by the guarantee against self-incrimination, cannot be coerced into producing documents for the inspection of the prosecution or into revealing the nature of his defense. Therefore, since the rule would not work both ways, it is extremely doubtful that the interests of justice would be served or that the proc-

esses of the court would be expedited. Virtually the only interests which such discovery would serve would be those of a defendant who has already been encapsulated by a protective armour of rules, presumptions and procedural advantages.

In view of what we have said above we believe that petitioner has not, in fact, waived indictment by a grand jury. He has conditionally done so, but the condition attached is not one which may be legally attached to such waiver. If we were to grant petitioner's request, and if it were subsequently to appear that the Commonwealth was permitted to call a witness whose name did not appear on the list requested, defendant could reasonably argue that his condition was not met and that he had not, in law, waived indictment. This might conceivably result in nullifying the entire trial.

But disregarding the reasons already advanced, there are other, equally compelling reasons why we cannot grant petitioner's prayer. In a petition filed in this court October 7, 1957, the Attorney General stated that the charges against Reeher were the same conspiracies alleged in indictments previously returned against Frank Aquiviva and others at bills nos. 129 and 131, September sessions, 1957. The trials of the cases at nos. 129 and 131, September sessions, were continued to the December term by the court at the behest of the Attorney General who stated as a reason therefor that he desired to try all of the alleged conspirators at the same time. While there are circumstances under which an alleged co-conspirator may be tried separately, the better practice is to try them together in order to obviate duplication of trial costs and to prevent unnecessary cluttering of the trial dockets of the courts. It is only when compelling reasons are advanced why we should do so that we would agree to separate trials. No such compelling reasons have

been advanced here. While no price tag, either in money or time, should be placed upon justice, there is nothing in the present situation to indicate that justice cannot be served by consolidating defendant's trial with that of the other defendants with whom he is alleged to have conspired. Since the argument held on this petition we have been informed by counsel for both the Commonwealth and petitioner that some, at least, of the defendants at nos. 129 and 131, September sessions, will not agree to have their causes advanced at this time. A similar communication was received in writing by the court from counsel for defendants Acquiviva, Natale, DiGennaro and Dando. Having once continued the case of the other defendants to the December term, we see no legal sanction to reinstate them on the present list without their consent. To do so might irremediably prejudice the other defendants in the preparation and trial of their causes.

In addition to all of this there is grave doubt that petitioner could achieve his desired aim of vindication before the forthcoming election on November 5, 1957, wherein he is a candidate for reëlection to the office he now holds. At the argument held upon this petition both the Attorney General and counsel for petitioner informed the court that a voir dire examination of prospective jurors would be asked for. Notwithstanding the offenses charged are misdemeanors only, in view of the statements of counsel that the matter has received widespread publicity and comment in the public press, we would be disposed to grant such voir dire examination. We were informed at argument that the Attorney General would call at least 30 and possibly 40 witnesses. Defendant, of course, made no commitment as to the number of witnesses he intended calling and in this he was clearly within his rights. However, since there are a large number of defendants, it is probably safe to assume that some, at least, will call

586

witnesses in their own defense should the Commonwealth be successful in proving a prima facie case against them. Under such circumstances to begin a trial October 28, 1957, as suggested by petitioner, and expect it to end in time for a jury's verdict to exonerate petitioner prior to November 5, 1957, would be to anticipate a speed not ordinarily to be encountered in such circumstances.

For all of the reasons mentioned above the prayer of the petition must be denied.

And now, to wit, October 14, 1957, the rule granted October 10, 1957, to show cause why petitioner should not be tried forthwith without formal indictment by the grand jury is discharged.

The clerk of courts is directed to file this opinion and order.