## Commonwealth *v.* Emmel, Appellant.

Argued December 12, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ. (RHODES, P. J., absent).

*Edward Youngerman,* with him *Alan I. Baskin,* for appellant.

*Peter F. Cianci,* Assistant District Attorney, with him *Frederick O. Brubaker,* District Attorney, for appellee.

OPINION BY MONTGOMERY, J., March 22, 1961:

Appellant, Melvin Emmel, filed this appeal from his conviction and sentence on a charge of cheating by fraudulent pretenses at No. 104 December Sessions, 1958, in the Court of Quarter Sessions of the Peace of Berks County. Subsequent to the verdict of guilty returned by a jury, he filed motions in arrest of judgment, for new trial and to quash the indictment. These motions were denied and he was sentenced to pay a fine of $100.00 to the Commonwealth for the use of the County of Berks, costs of prosecution and to undergo an imprisonment in the Berks County Prison for a period of not less than six months nor more than 23 months. The refusal of his motions are assigned as error.

The evidence of the Commonwealth disclosed that appellant was the proprietor of an electrical appliance store, trading as Emmel Appliance, in the City of Reading. On December 31, 1957, appellant sold to Harry Wolf and Ethel G. Wolf, his wife, a television set and a washer on an installment sales contract. The blanks on this contract were not filled in except for the names of the purchasers. Several days later, appellant went to the home of the purchasers and induced them to sign another contract, also in blank, on the pretext that the first contract was not accepted by the lending institution with whom he attempted to discount it, the Reading Wimsett Thrift Company, and stated that another contract had to be signed in order to finance the sale through another lending institution.

The evidence further disclosed that the original contract had been assigned, in fact, to the Wimsett Company by appellant and that he received $391.00 for said assignment. This contract, however, stated that a Norge refrigerator was sold to Mr. and Mrs. Wolf, and it was on this false representation, signed

by appellant and stating that the merchandise described therein was in fact sold to the purchasers, that Wimsett Company relied in purchasing the contract. This contract was worthless and uncollectible against the alleged purchasers since they had not purchased a Norge refrigerator.

During the course of the trial, the Commonwealth had difficulty in making out a case on the testimony of the witnesses whose names had been endorsed on the indictment, and three additional witnesses were called and testified whose names did not appear thereon. As to two of these witnesses, appellant objected solely on the ground that their names had not been endorsed on the indictment. These two witnesses established that appellant had personally handled this transaction with the lending institution and actually received the proceeds of the assignment and deposited the same in his bank account. No plea of surprise was made, and appellant offered no testimony in his behalf.

The motions in arrest of judgment, for a new trial and to quash the indictment are predicated principally on the propriety of allowing witnesses to testify at the trial when their names were not endorsed on the indictment. It is contended that, without this additional testimony, the evidence was insufficient to sustain a verdict of guilty and that because appellant had no advance notice of such witnesses and their testimony, a new trial should be granted. Also, it is contended that the indictment was returned without sufficient evidence being produced to support the charge since the two witnesses in question did not testify before the grand jury.

The Act of 1860, March 31, P. L. 427, §27, 19 P.S. §262, provides that "No person shall be required to answer to any indictment for any offense whatsoever, unless the prosecutor's name, if any there be, is en-

dorsed thereon, and if no person shall avow himself the prosecutor, the court may hear witnesses, and determine whether there is such a private prosecutor, and if they shall be of opinion that there is such a prosecutor, then direct his name to be endorsed on such indictment." Section 10 of the same Act, 19 P.S. §731, provides that "The foreman of any grand jury, or any member thereof, is hereby authorized and empowered to administer the requisite oaths or affirmations to any witness whose name may be marked by the district attorney on the bill of indictment." While no witness may be examined by the grand jury unless he is sworn, this proviso regulates proceedings before the grand jury and not at trial. The requirement that the prosecutor's name be endorsed on the indictment does not require that *all* names of witnesses be endorsed thereon who are necessary to make out a case for conviction.

Whether a person whose name has not been endorsed on the indictment as a witness is disqualified from testifying at the time of trial is a question which has not been ruled upon squarely by our appellate courts. We have been unable to find either statutory authority or judicial precedents in this Commonwealth which prohibit the Commonwealth from calling additional witnesses to testify whose names were not endorsed on the indictment. As the court below properly observed, such a rule or requirement would impose unjust restrictions on the Commonwealth since on occasions witnesses change their stories, become hesitant about testifying, and for other reasons fail to measure up to what the district attorney expects their testimony to indicate. We concur in the opinion of Judge LAUB in *Commonwealth v. Reeher*, 13 Pa. D. & C. 2d 580, 583, that "Conceivably, a district attorney may discover witnesses who may be persuasive of guilt long after a grand jury has acted. Can it be said that be-

cause such names were not endorsed on the bill they may not be called by the Commonwealth, or, if called, that a substantial right of the accused has been denied?

"In view of the fact that a grand jury merely determines the existence of probable cause and not the guilt of a defendant, it seems clear that there is no inseparable relation between witnesses who can show probable cause and those who can show culpability. The proof on the one hand merely shows the commission of the crime and that defendant probably committed it, while on the other it shows that defendant not only probably but actually did commit it. For these reasons we see no right in a defendant, in a criminal case, to demand in advance the names and addresses of the witnesses who will appear against him. . . ."

There are innumerable instances where in the course of trial of co-defendants one of them changes his plea from not guilty to guilty and turns state's evidence. There are other instances when, in the course of a trial, the name of a witness is mentioned who has not been subpoenaed to testify but who is later called to affirm or deny a state of fact or condition. The names of such witnesses are never endorsed, in advance, on the back of an indictment. If the contention advanced by appellant here is meritorious, such witnesses could never testify simply because they did not appear before the grand jury and their names were not endorsed on the indictment.

Even in jurisdictions which have statutory requirements that an accused be furnished with a list of the witnesses prior to trial, it has been held that these requirements do not apply to persons who, although witnesses at the trial, were not witnesses before the grand jury. *Merriss v. Commonwealth,* 287 Ky. 58, 151 S.W. 2d 1030; *Smith v. State,* 74 Ga. App. 777, 41

S.E. 2d 541, certiorari denied at 332 U. S. 772, 68 S. Ct. 86; *State v. King,* 66 Ariz. 42, 182 P. 2d 915. In *People v. Weisberg,* 396 Ill. 412, 71 N.E. 2d 671, certiorari denied at 331 U. S. 826, 67 S. Ct. 1318, it was held that despite a statute requiring the defendant to be furnished with a list of witnesses, permitting witnesses to testify whose names were not endorsed upon the back of the indictment or included in the list of witnesses furnished is discretionary, and the exercise of such discretion will not be reviewed unless it appears that the defendant has been taken by surprise, the burden of showing such surprise being on the defendant.

The right of a defendant to know who his accusers are only requires the names of those who testify before the grand jury be endorsed on the indictment. *Commonwealth v. Brownmiller,* 137 Pa. Superior Ct. 261, 9 A. 2d 155; *Commonwealth v. Edmiston,* 30 Pa. Superior Ct. 54. The term "accusers" is not necessarily synonymous with "witnesses" appearing in behalf of the prosecution. Notice of the nature and cause of the accusation does not include notice of the nature of the evidence to be produced.

The evidence here presented was sufficient to justify the verdict. The contention that the testimony of certain witnesses was confusing and inherently unbelievable may not normally be considered as grounds for a new trial. The credibility of witnesses and the evaluation of testimony were solely for the jury to determine.

While an indictment may be quashed where no witnesses appeared before the grand jury (*Commonwealth v. Brownmiller,* supra) or where the only witness called was incompetent, it will not be quashed where some competent witnesses were examined by the grand jury. *Commonwealth v. Halleron,* 163 Pa. Superior Ct. 583, 63 A. 2d 140; *Commonwealth v. Spallone (No.*

*2)*, 154 Pa. Superior Ct. 290, 35 A. 2d 731; *Commonwealth v. Morris,* 91 Pa. Superior Ct. 571. The motion to quash an indictment must be made promptly and if not so made, it will not be granted. *Commonwealth v. Cody,* 191 Pa. Superior Ct. 354, 156 A. 2d 620; *Commonwealth v. Russo,* 177 Pa. Superior Ct. 470, 111 A. 2d 359. An attack on an indictment will not be considered after a plea is entered and the jury is sworn. *Commonwealth ex rel. Scasserra v. Maroney,* 179 Pa. Superior Ct. 150, 115 A. 2d 912; *Commonwealth v. Poley,* 173 Pa. Superior Ct. 331, 98 A. 2d 766; *Commonwealth ex rel. Geisel v. Ashe,* 165 Pa. Superior Ct. 41, 68 A. 2d 360.

We find no error in the disposition of the various motions presented to the court below.

Judgment of sentence affirmed and it is ordered that appellant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with the sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.