## Commonwealth v. Runkle

*Ferdinand F. Bionaz*, for the Commonwealth.

*Richard J. Green, Jr.* and *Francis J. Leahey, Jr.*, for defendant.

McDONALD, J., November 2, 1970.—Defendant is charged with murder in indictment C-88 June term, 1970. On September 10, 1970, pursuant to his petition, a pretrial conference was held. At the con-

clusion of the conference, the court summarized the requests of the petition and ruled upon them. Judgment was reserved on item "G," which requested the Commonwealth to disclose to defendant the names and addresses of all witnesses intended to be called. Memos have been filed by both parties.

The Commonwealth argues Pa. R. Crim. P. 310 does not require the disclosure of the names and addresses of witnesses prior to trial. With this, we agree. However, the request here does not fall within the purview of this rule. As stated in Lewis v. Lebanon Court of Common Pleas, 436 Pa. 296, "Discovery proceedings, under Rule 310, need only be used when counsel wishes to acquire access to evidence within the control of the district attorney. Witnesses themselves can certainly not be so classified." In our view, and this has support in Lewis, the court has inherent power to require pretrial discovery or disclosure when necessary to insure adequate trial preparation. See also Commonwealth v. Smith, 417 Pa. 321. It is even suggested that advance notice of witnesses may be required by the sixth amendment of the United States Constitution and by due process: Palermo v. United States, 360 U. S. 343, 362-66 (1959); Jencks v. United States, 353 U. S. 657 (1957). However, this has not been squarely ruled upon except in the Federal lower courts where refusal to order the government to provide a witness list has been held to be within the court's discretion and not a constitutional violation. The rule differs in capital cases, where by statute Act 1948, c. 645, 62 Stat. 831, 18 U.S.C.A. §3432, the government is required to provide the names and addresses of all witnesses three days before trial.

Our research and that of counsel has failed to reveal any Pennsylvania decisions on the point at issue. It has been held, however, that the Act of March 31,

1860, P. L. 427, sec. 27, 19 PS §262, providing that "No person shall be required to answer to any indictment for any offense whatsoever, unless the prosecutor's name, if any there be, is endorsed thereon . . ." does not require that "all names of witnesses be endorsed thereon who are necessary to make out a case for conviction": Commonwealth v. Emmel, 194 Pa. Superior Ct. 441, 445. The rationale for this is found in Commonwealth v. Brownmiller, 137 Pa. Superior Ct. 261, which holds defendant is only entitled to know who his accusers are, and these are those whose names are endorsed to the indictment. It distinguishes "accusers" from "witnesses" appearing at trial on behalf of the prosecution. We find it somewhat difficult to follow this semantic distinction. In Commonwealth v. Gockley, 411 Pa. 437, the Supreme Court held the Commonwealth was not limited at trial to calling persons whose names appeared on the indictment.

In Gockley and Emmel, no request for pretrial disclosure was made, and the issue was raised by objection at trial. We are in accord that the posture of these cases warranted a ruling in favor of the Commonwealth. However, in view of the broad language of Smith and Lewis, we believe the ruling would have been different had the issue been raised by a pretrial petition. In Lewis, page 301, it is stated: "The state has an interest in seeing that the innocent not be wrongfully punished, as well as in convicting the guilty," and further, "We are aware of no authority in the law which gives the district attorney the right, in general, to deny defense counsel access to the Commonwealth's witnesses." Implicit in this statement is the suggestion the accused should have access upon request to the names of those who will appear against him. This is based on reason and common sense. Confrontation at trial may not

allow sufficient time to adequately prepare cross-examination, investigate matters which may affect the witness's credibility and assemble evidence relevant to the facts in issue.

Twenty-two States now require the accused be notified prior to trial of the witnesses to be called against him, usually by endorsement on the indictment or information: American Bar Association, Tentative Draft of Minimum Standards for Criminal Justice, Discovery and Procedure Before Trial, commentary to section 2.1(i), p. 57. As indicated above, a Federal statute requires such disclosure in capital cases. We believe the Supreme Court of Pennsylvania has indicated by the language and holdings in Lewis and Smith a trend toward more liberal pretrial disclosure. It was careful to point out in Lewis that Pa. R. Crim. P. 310 was adopted in accord with the general rule that an accused has no right to the inspection or disclosure before trial of evidence in the Commonwealth's possession, and equally careful to make the distinction that requested access to a Commonwealth witness was not an attempt to "discover" evidence in the possession of the district attorney. This case is similar to Lewis in that disclosure of evidence prior to trial is not requested. If it were, then Pa. R. Crim. P. 310 would be applicable.

In our opinion, a defendant in a capital case such as this should be informed of the names and addresses of witnesses the Commonwealth intends to call. Armed with this information, he then can adequately prepare a defense by investigation, and if need be, assembly of rebuttal evidence.

Accordingly, we shall grant defendant's request in item "G" of the pretrial petition.

### ORDER

Now, November 2, 1970, it is hereby ordered that the

district attorney disclose to defendant at least 10 days before trial, the names and addresses of all witnesses the Commonwealth intends to call during the trial of the case.