512 A.2d 1270

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Ralph Isreal CRUZ, Appellee.**

Superior Court of Pennsylvania.

Submitted Feb. 3, 1986.

Filed July 22, 1986.

Joseph Giebus, Wilkes-Barre, Assistant District Attorney, for Com., appellant.

Joseph J. Yeager, Assistant Public Defender, Wilkes-Barre, for appellee.

Before WIEAND, MONTEMURO and BECK, JJ.

WIEAND, Judge:

This is an appeal by the Commonwealth from an order sustaining a defense demurrer to a charge that Ralph Isreal Cruz had escaped on June 12, 1973 by failing to return to the State Correctional Institution at Dallas after a home furlough. The trial court sustained the demurrer and dismissed the charge because the information, on its face, failed to disclose that the applicable statute of limitations had been tolled.

■ The issue presented by this appeal is one of law. The trial court sustained the defense demurrer for reasons which did not pertain in any way to the guilt or innocence of the accused. Such an order is appealable by the Commonwealth. See: *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978).

The evidence at trial established that after Cruz had failed to return to the prison at the end of his furlough, a warrant for his arrest was issued on June 15, 1973.[1] Cruz, upon leaving the prison at the start of his furlough, travelled to Chester where he stayed for a period of two days. He then borrowed money to buy an airline ticket and flew to Puerto Rico. There, he lived with his mother for approximately four years, after which he moved into the home of and lived with a woman who bore him two children. On December 20, 1984, he flew to Chicago where, on or about April 15, 1985, he was taken into custody by the Chicago police. A complaint charging Cruz with escape was thereafter signed, an arrest warrant was issued, and he was returned to Pennsylvania. An information charging him with escape was filed on June 11, 1985.

A prosecution for the offense of escape must be commenced within two years after its commission. 42 Pa.C. S.A. § 5552(a).[2] "[A] prosecution is commenced either when an indictment is found or an information under § 8931(b) is issued, or when a warrant, summons or citation is issued, if such warrant, summons or citation is executed without reasonable delay." 42 Pa.C.S.A. § 5552(e).[3] The period of limitation, however, does not run while "the

---

1. Although there is testimony referring to this warrant, a copy thereof is not a part of the record. We do not rest our decision, therefore, on the early issuance of this warrant. A new warrant for appellant's arrest was issued upon his apprehension in Chicago in 1985.

2. The provisions of § 5552(a) are similar to the law in effect when Cruz escaped. See: Act of December 6, 1972, P.L. 1482, § 1, 18 Pa.C.S.A. § 108(b)(2), repealed by Act of July 9, 1976, P.L. 586, § 4(a), effective June 27, 1978.

3. This provision is similar to the Act of December 6, 1972, P.L. 1482, § 1, 18 Pa.C.S.A. § 108(e), repealed by Act of July 9, 1976, P.L. 586, § 4(a), effective June 27, 1978.

accused is continuously absent from this Commonwealth or has no reasonably ascertainable place of abode or work within this Commonwealth[.]" 42 Pa.C.S.A. § 5554(1).[4]

■ The evidence offered by the Commonwealth in this case was clearly sufficient to establish a tolling of the statute from June 12, 1973 until April 15, 1985.[5] It would seem, therefore, that the trial court's order sustaining a defense demurrer to the evidence on grounds that prosecution was time barred was in error.

The trial court suggests, however, that the information was defective because it failed to contain averments of fact sufficient to show a tolling of the statute of limitations. "The fact that the Commonwealth did not allege in the [information] that it would seek to toll the statute of limitations is of no consequence [if] there was no prejudice to the appellant.... As long as a defendant, some reasonable time before trial, is appraised that the Commonwealth will seek to toll the statute of limitations, the due process requirements of notice are met." *Commonwealth v. Stockard*, 489 Pa. 209, 217–218, 413 A.2d 1088, 1092 (1980).[6]

**4.** This provision is identical to the Act of December 6, 1972, P.L. 1482, § 1, 18 Pa.C.S.A. § 108(f)(1), repealed by Act of July 9, 1976, P.L. 586, § 4(a), effective June 27, 1978.

**5.** Cruz's home furlough commenced on June 6, 1973, and, according to the Commonwealth's evidence, he absconded to Puerto Rico two days later.

**6.** The trial court observed correctly that this Court had previously held that "where the Commonwealth seeks to toll the statute of limitations by establishing one of the enumerated exceptions, it must allege the exception in the [information]." *Commonwealth v. Bender*, 251 Pa.Super. 454, 459, 380 A.2d 868, 870 (1977). See also: *Commonwealth v. Cody*, 191 Pa.Super. 354, 359, 156 A.2d 620, 623 (1959) ("an indictment is fatally defective which shows on its face that it was found more than two years after the commission of the offense, and fails to allege, that the defendant had not been an inhabitant or usual resident of this State at any time before indictment."); *Commonwealth v. Creamer*, 236 Pa.Super. 168, 345 A.2d 212 (1974). These decisions, however, are at variance with the law as stated by the Supreme Court of Pennsylvania in *Commonwealth v. Stockard*, 489 Pa. 209, 413 A.2d 1088 (1980). Therefore, prior decisions of the Superior Court can no longer be said to reflect the law in this Commonwealth. See also: *Commonwealth v. Eackles*, 286 Pa.Super. 146, 428 A.2d 614 (1982).

■ In the instant case, it is clear that appellant was not prejudiced by the failure of the Commonwealth to allege in the information that it would seek to toll the statute of limitations. He was fully aware of the facts relied on by the Commonwealth. Indeed, they were recited in the affidavit submitted in support of the request for an arrest warrant. See: *Commonwealth v. Stockard, supra.*

■ Moreover and in any event, the failure of the Commonwealth to allege in the information the exception upon which it was relying to toll the statute of limitations was waived by appellant's failure to raise it pre-trial. A challenge to the legitimacy of an information must be raised pre-trial. See: Pa.R.Crim.P. 306, 9020. A failure to state a ground for attacking the information in a pre-trial motion to quash results in a waiver of that ground. It will not be considered for the first time after a not guilty plea has been entered and a jury sworn. See: *Commonwealth v. Gemelli,* 326 Pa.Super. 388, 397–398, 474 A.2d 294, 299 (1984); *Commonwealth v. Kimble,* 323 Pa.Super. 499, 510, 470 A.2d 1369, 1375 (1984); *Commonwealth v. Emmel,* 194 Pa.Super. 441, 448, 168 A.2d 609, 612 (1961). See also: *Commonwealth v. Williams,* 252 Pa.Super. 587, 588, 384 A.2d 935, 935–936 (1978). An alleged defect in the information cannot properly be raised by a demurrer to the evidence at the conclusion of the Commonwealth's evidence. When the trial court sustained a defense demurrer in this case because of the Commonwealth's failure to allege in the information the grounds on which it would rely to toll the statute of limitations, the court fell into error. This was particularly so in view of the Commonwealth's trial evidence, received without objection, that appellant had been continuously absent from Pennsylvania after his escape and before his subsequent apprehension in Illinois.

Reversed and remanded for a new trial. Jurisdiction is not retained.

BECK, J., files a concurring and dissenting opinion.

BECK, Judge, concurring and dissenting:

I concur and agree with the majority that Cruz waived his objection to any defect in the information when he did not raise that objection pre-trial. Pa.R.Crim.P. 306, 9020(d).

The majority does not limit the basis of its decision to waiver. Instead it concludes that the trial court erred when, at the close of evidence, it granted a defense motion to dismiss the information.

I would find waiver alone sufficient to support reversal. I, therefore, conclude that the majority's explication of the substantive law of this case is dicta. I, however, respond to the majority's discussion of the substantive issue.

The majority holds that the absence of an averment in the information that the Commonwealth was seeking to toll the statute of limitations did not warrant a dismissal, relying on *Commonwealth v. Stockard,* 489 Pa. 209, 217–18, 413 A.2d 1088, 1092 (1980). Until *Stockard,* the rule in Pennsylvania was that "[w]here the Commonwealth seeks to toll the statute of limitations by establishing one of the enumerated exceptions, it must allege the exception in the indictment. The purpose of this rule is 'to apprise the defendant that he must defend not only against the crime itself but also against the limitation of prosecution.'" *Id.* (quoting *Commonwealth v. Bender,* 251 Pa.Super. 454, 459, 380 A.2d 868, 870 (1977)).[1]

In *Stockard,* notice of the Commonwealth's intent to toll the statute of limitations was not in the information, but was in Commonwealth's answer to defendant's motion to dismiss the complaint. Moreover, the issue was contested at a pre-trial hearing on the motion. The *Stockard* court held that the facts in the case constituted sufficient notice to defendant; the notice requirement was satisfied because the defendant was informed in an official document that the Commonwealth sought to toll the statute "some reasonable time before trial." *Id.* 489 Pa. at 217–18, 413 A.2d at 1092–93.

1. *See* 42 Pa.C.S.A. § 5554 for the enumerated exceptions.

The case sub judice is distinguishable from *Stockard,* and I would conclude the notice requirement was not met. The majority states that Cruz "was fully aware of the facts relied on by the Commonwealth. Indeed, they were recited in the affidavit submitted in support of the request for an arrest warrant." Maj. Opinion at 180. I would find that this is not sufficient notice for two reasons. First, an affidavit in support of an arrest warrant is not sufficient to give a defendant pre-trial notice, because there is no guarantee that the defendant will see the affidavit. An answer to a defense motion, as in *Stockard,* is routinely transmitted to defense counsel. In the normal course of events defense counsel does not receive a copy of the arrest warrant affidavit. Second, in the case sub judice the affidavit merely recites the dates of Cruz's escape in 1973 and his arrest in Chicago in 1985, along with the efforts of law enforcement officials to find him in the interim. These facts, even if Cruz was aware of them independently, did not give specific notice before trial that the Commonwealth intended to allege an exception which would toll the statute of limitations. *Stockard* requires more than simply that a defendant be aware of the facts on which the Commonwealth might base an allegation; it holds that due process requires pre-trial notice that the Commonwealth will allege the exception. Without that specific notice, in a document which the defendant will receive, the defendant is denied his due process right to an opportunity to defend against the allegation.[2]

I would reverse solely on the basis that the trial court erred in not finding that Cruz waived his objection to the information at trial. I therefore join only that part of the majority opinion that relates to waiver. Maj. op. at 179–180. I do not join the majority's discussion of the substantive issue, Maj. op. at 179–181, which amounts to an unwarranted extension of the holding of *Stockard.*

**2.** The argument that proof of an exception to a statute of limitations at trial satisfies due process has been rejected. *See Commonwealth v. Eackles,* 286 Pa.Super. 146, 155–56, 428 A.2d 614, 619 (1981).