COMMONWEALTH of Pennsylvania,
Appellee,

v.

Jeffrey MARTIN, Appellant.

Superior Court of Pennsylvania.

Argued March 5, 1997.
Filed May 15, 1997.

Ronald A. Turo, Carlisle, for appellant.

Jaime M. Keating, Assistant District Attorney, Carlisle, for Commonwealth, appellee.

Before CIRILLO, President Judge Emeritus, and POPOVICH and HESTER, JJ.

POPOVICH, Judge.

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Cumberland County following appellant's conviction pursuant to 18 Pa.C.S.A.

§ 4116(e), relating to illegally copied video-tapes. Herein, appellant contends (1) that the information should have been quashed since it did not notify him sufficiently of the charge against him, and (2) that the trial court improperly instructed the jury as to the relevant principles of law. We affirm.

The facts and procedural history of this case are as follows: On August 20, 1995, Pennsylvania State Police Trooper James Wilson received information that appellant was selling illegally copied videotapes at the Silver Springs Flea Market in Silver Springs Township, Pennsylvania. Trooper Wilson, along with Detective Wayne Jirsa of the Motion Picture Association of America, travelled to the flea market. Upon arrival, they noticed appellant's booth and discovered approximately one-hundred illegally copied videotapes. The videotapes were made with a video camera in a movie theater. Many of the illegally copied videotapes contained copies of movies which were showing in the movie theater and had not yet been released for videotape. Appellant was then arrested, charged and convicted by a jury of violating 18 Pa.C.S.A. § 4116(e). On April 30, 1996, he was sentenced to three to twelve months incarceration. On May 7, 1996, he filed a post-sentence motion which was denied by the lower court. This appeal followed.

■ Appellant's first contention is that the information should have been quashed because it did not notify him sufficiently of the crime against him. Specifically, he contends that the information, which charged him with violating 18 Pa.C.S.A. § 4116(e), improperly utilized language from both Section 4116(e) and 18 Pa.C.S.A. § Section 4116(d). While we agree with appellant that a criminal information must inform the defendant adequately of the crime with which he is charged, we find that he has failed to preserve this issue for review.

"A request to quash an information must be made in an omnibus pretrial motion for relief or it is considered waived." *Commonwealth v. Rishel,* 441 Pa.Super. 584, 658 A.2d 352, 358 (1995), *rev'd on other grounds,* 546

Pa. 48, 682 A.2d 1267 (1996) (citation omitted). *See* Pa.R.Crim.P. 306. In this case, the information was filed on September 22, 1995, well before appellant's jury trial commenced on March 26, 1996. However, appellant's counsel concedes that he did not challenge the validity of the information until after the Commonwealth completed its case in chief at trial.[1] The record reveals that counsel failed to file an omnibus pretrial motion to quash the information. Accordingly, the issue was not preserved for review. *Rishel, supra; Commonwealth v. Cruz,* 355 Pa.Super. 176, 512 A.2d 1270 (1986).

■ Appellant's next contention is that the trial court improperly instructed the jury. Specifically, he contends that the jury instruction concerning Section 4116(e) was at variance from the information since it contained the terms "knowingly" and "knowing conduct." He further argues that the term "knowingly" is an element of Section 4116(d) and is not an element of 4116(e), and, therefore, the trial court's instruction improperly permitted the jury to convict him under either Section 4116(d) or Section 4116(e).

Section 4116(e) provides, in relevant part, that: "Every recorded device sold or transferred or possessed for the purpose of sale by any manufacturer, distributor, or wholesale or retail merchant shall contain on its packaging, the true name of the manufacturer. The term 'manufacturer' shall not include the manufacturer of the cartridge or casing itself." Section 4116(d) provides, in relevant part, that: "It shall be unlawful for any person to knowingly retail or possess for the purpose of retailing any recorded device that has been produced, manufactured, distributed or acquired at wholesale in violation of any provision of this section."

The information in this case charged appellant as follows: "Pursuant to 18 Pa.C.S.A. § 4116(e), on Sunday, the 20th day of August, 1995, Jeffrey Martin unlawfully sold or transferred or possessed for the purpose of sale by any manufacturer, distributor, or wholesale or retail merchant which failed to

---

1. There has been no allegation that appellant's counsel did not receive the information prior to trial.

contain on its packaging the true name of the manufacturer."

The entire charge given by the trial court regarding the elements of the crime at issue was as follows:

The specific section we're dealing with, so called Section 4116(e) says this: Every recorded device sold or transferred or possessed for the purpose of sale by any manufacturer, distributor, or wholesale or retail merchant, shall contain on its packaging the true name of the manufacturer. The term 'manufacturer' shall not include the manufacturer of the cartridge of the case itself . . . . and the law says it's unlawful for any person to knowingly retail or possess for the purpose of retailing any recorded device in violation of any provision of this section, and the Commonwealth claims it's that section which defendant violated in this case, and that's the law that's applicable to this case.

\* \* \* \*

Again, let's look at this statute and repeat what I told you before. Every recorded device sold or transferred or possessed for the purposes, by any, including a manufacturer, distributor or wholesale or retail merchant, shall contain on its packaging the true name of the manufacturer. The term manufacturer shall not include the manufacturer of a cartridge or casing itself . . . . and under the law it shall be unlawful for any person to knowingly retail or possess for the purpose of retailing any recorded device in violation of any provision in this section of the statute. The provision we are dealing with is the provision I just talked to you about, with respect to every recorded device sold by a retail merchant shall have on it the true name of the manufacturer. That's the section of the statute we are dealing with. If you are satisfied that every—I should mention that it's unlawful for any person to knowingly sell these items.

Knowing conduct is defined as follows: A person acts knowingly when he is aware that it is particularly certain that his conduct will cause a certain result. Intentional conduct, of course, is volitional conduct. Knowing conduct is when a person is aware that a particular—that it is particularly certain that his conduct will cause a certain result.

So in order to convict this defendant of violating this statute of this case, you must be satisfied beyond a reasonable doubt that he unlawfully, knowingly and [had] in his possession for the purpose of selling any recording device upon which the true name of the manufacturer was not on the package.

N.T. 3/26/96 pp. 73, 77–79.

It is well settled that:

A charge to the jury, if it varies from the elements contained in the information, will constitute a technical violation of Rule 229 Procedure.[2] When the charge introduces new or different elements beyond those contained in the information, the variance is improper. However, even an improper variance will not be fatal to the conviction if it 'did not substantially prejudice the appellant by making his prior defense strategy inapplicable to the charge he had to face under the additional erroneous instruction.'

*Commonwealth v. Hobson,* 413 Pa.Super. 29, 604 A.2d 717, 722 (citations omitted).

We agree with appellant that neither the information nor Section 4116(e) required the Commonwealth to prove that he *knowingly* sold, transferred, or possessed recorded devices whose packaging did not contain the true name of the manufacturer. Therefore, the trial court technically violated Pa. R.Crim.P. 229 by introducing a new element (knowingly) to the jury charge. The court's charge to the jury improperly expanded on the information by stating that the jury could find appellant guilty if he "knowingly sold the

**2.** Rule 229 provides:

The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date

charged, provided the information as amended does not charge an additional or different offense. Upon amendment the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

videotapes," an expansion which would permit the jury to find him guilty under either Section 4116(e) or Section 4116(d). However, this improper variance was not fatal. *Commonwealth v. Holcomb*, 508 Pa. 425, 498 A.2d 833 (1985) (Hutchinson, J., plurality opinion)[3] (trial court improperly expanded on the information by adding new element such that the appellant's conviction could be based on either 18 Pa.C.S. § 2901(a)(3) or § 2901(a)(2), but this was not a fatal variance).

"The purpose of the information is to apprise the defendant of the charges against him so that he may have a fair opportunity to prepare a defense. In this case, the variance did not prejudice appellant substantially by making his prior defense strategy inapplicable to the charge he had to face under the additional erroneous instruction." *Holcomb*, 498 A.2d at 848 (citation omitted). *See Hobson, supra.* Here, the Commonwealth's case was based on the theory that appellant possessed with the intent to sell videotapes whose packaging did not contain the true name of the manufacturer. Appellant's sole defense was that the videotapes properly contained the true name of the manufacturer. Accordingly, the trial court's charge, requiring the jury to find that appellant knew that the videotapes did not contain the true name of the manufacturer, did not limit appellant's defense and is not the basis for a new trial. *Holcomb, supra.*

■ Appellant's final contention regarding the jury instruction is that the trial court erroneously defined the phrase "the true name of the manufacturer" found in Section 4116(e). The trial court's entire charge with respect thereto was as follows:

> [With respect to Section 4116(e),] the term 'manufacturer' shall not include the manufacturer of the cartridge of the case itself. We are talking about the movie, the true name of the manufacturer. That means the person who manufactured that movie that's on that tape....

Again, let's look at this statute and repeat what I told you before.... The term manufacturer shall not include the manufacturer of a cartridge or casing itself. The true name of a manufacturer means the person who manufactured that movie onto the tape that's in that recorded device.

N.T. 3/26/96 pp. 73, 77.

Appellant does not dispute that Section 4116(e) clearly states that "[t]he term 'manufacturer' shall not include the manufacturer of the cartridge or casing itself," and, therefore, he does not dispute that the trial court properly used this language in its charge. However, he argues that the trial court erred when it instructed the jury that "the true name of the manufacturer means the person who manufactured that movie onto the tape that's in that recorded device." He claims that the trial court's instruction mandated that he could be found guilty if the videotapes confiscated by the police did not contain the name of the manufacturer who formatted the movies for the videotapes, and that the instruction precluded the jury from acquitting him if the videotapes contained the name of the manufacturer of the actual motion pictures which were on the videotapes.[4] Appellant contends that this was error since Section 4116(e) can be interpreted to mean that the name of either manufacturer was sufficient. We disagree.

■ Section 4116(e) states that "every recorded device shall contain on its packaging the true name of the manufacturer." We agree with appellant that the words of the statute are not explicit. However, we disagree with appellant's assertion that it is sufficient under the statute for the videotapes' packaging to contain the name of either the manufacturer who formatted the movie for the videotape or the manufacturer of the actual motion picture. Under the rules of statutory construction, when the

---

**3.** We note that we are not bound by our supreme court's plurality opinion. However, we find the court's decision in *Holcomb* to be persuasive, and, accordingly, we will apply it to the facts of this case.

**4.** At trial, appellant contended that the videotapes contained the name of the manufacturer of the actual motion pictures which were on the videotapes.

words of a statute are not explicit, it is this Court's duty to determine and give effect to the legislature's intention. *Commonwealth v. Muth,* 397 Pa. 106, 153 A.2d 497 (1959); *Commonwealth v. Henderson,* 444 Pa.Super. 170, 663 A.2d 728 (1995). Some of the factors to be considered in determining the legislature's intent in enacting a statute are: (1) The occasion and necessity for the statute; (2) The mischief to be remedied; and (3) The object to be attained. *Henderson, supra.*

In this case, we find that it was the legislature's intent that every videotape shall contain on its packaging the true name of the manufacturer who made that particular videotape, that is, who formatted the movie for videotape release. As expert testimony revealed, the movie industry has taken numerous steps to prevent people from selling unauthorized copies of movies which have been shown in theaters, including the utilization of face labels depicting holograms and the manufacturer's name. N.T. 3/26/96 p. 52. We find that the unauthorized copying and selling of movies is the particular mischief to be remedied and the prevention of this act is the object to be attained by Section 4116(e). Therefore, it was the legislature's intent that every videotape shall contain on its packaging the true name of the manufacturer who formatted the movie for videotape, thereby authorizing its release in videotape format. *Henderson, supra.* Accordingly, we find that the trial court did not err in charging the jury.

Affirmed.