J-S81035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GABRIEL ISHAM PITTMAN, | |
| Appellant | No. 958 MDA 2017 |

Appeal from the Judgment of Sentence May 24, 2017
in the Court of Common Pleas of Schuylkill County
Criminal Division at No.: CP-54-CR-0000718-2016

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 08, 2018**

Appellant, Gabriel Isham Pittman, appeals *pro se*,[1] from the judgment of sentence imposed following his jury conviction of aggravated assault against a police officer and simple assault.[2]  We affirm.

We take our factual and procedural history in this matter from our review of the certified record.  On November 10, 2015, Appellant, an inmate at State Correctional Institute (SCI) Mahanoy, punched Lieutenant Jeffrey

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] On January 31, 2017, after an extensive colloquy, the trial court granted Appellant's request to proceed *pro se* and appointed standby counsel for Appellant's jury selection and trial only.  (**See** Order, 1/31/17; Waiver of Right to Counsel, 1/31/17).

[2] **See** 18 Pa.C.S.A. §§ 2702(a)(2) and 2701(a)(1) respectively.  At the conclusion of trial, the court found Appellant guilty of summary harassment. **See** 18 Pa.C.S.A. § 2709(a)(1).

Banks, a corrections officer at SCI Mahanoy, after Lieutenant Banks asked him to leave the prison dining hall. (*See* N.T. Trial, 4/04/17, at 24-27). On April 28, 2016, the Commonwealth filed an information charging Appellant with aggravated assault of a correctional officer, simple assault, and summary harassment. Appellant did not file a request for a bill of particulars, or a request to quash the information. After a jury trial was conducted on April 4, 2017, Appellant was convicted on all counts.

On May 24, 2017, the trial court sentenced Appellant to not less than six nor more than twelve years of incarceration for aggravated assault and a concurrent sentence of not less than forty-five nor more than ninety days of incarceration for summary harassment.[3] This timely appeal followed.[4]

Appellant presents one question on appeal:

1. Was the trial court devoid of subject matter jurisdiction where the Commonwealth filed a fatally defective bill of information which failed to formally and specifically charge facts of alleged misconduct constituting the charged statutory offenses, thereby depriving [Appellant] of rights under the Sixth and Fourteenth Amendments of the U.S. Constitution?

(Appellant's Brief, at 2) (most capitalization omitted).

In his sole issue on appeal, Appellant argues that the trial court lacked subject matter jurisdiction over him because the criminal information in this

_____

[3] The court properly found that the simple assault merged with the aggravated assault for sentencing.

[4] Appellant filed his statement of errors complained of on appeal, together with his notice of appeal, on June 14, 2017. The trial court entered its opinion on August 24, 2017. *See* Pa.R.A.P. 1925.

matter was insufficient. (**See id.** at 6-11). Specifically, he argues that the information was insufficient because it "merely charges all counts in language tracking the statutory definitions of each statutory offense" and did not include facts alleging the particulars of the incident. (**Id.** at 6; **see id.** at 6-7). Therefore, he claims he did not have notice of the nature and cause of the accusation against him, and the court lacked subject matter jurisdiction. We disagree. [5]

Appellant's challenge to the trial court's subject matter jurisdiction presents a question of law over which our standard of review is *de novo*. **See Commonwealth v. Seiders**, 11 A.3d 495, 496–97 (Pa. Super. 2010) ("Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary.") (citation omitted).

"[T]he Pennsylvania Supreme Court [has] held that subject matter jurisdiction require[s] both that the court be competent to hear the case and that the defendant be provided with a formal and specific accusation of the crimes charged." **Commonwealth v. Hatchin**, 709 A.2d 405, 408 (Pa.

---

[5] The trial court in this matter found that Appellant waived his challenge to the sufficiency of the criminal information by failing to request that the information be quashed via an omnibus pre-trial motion. (**See** Trial Court Opinion, 8/24/17, at 2-4). Although we agree that a challenge to an information must be raised in an omnibus pre-trial motion, **see Commonwealth v. Martin**, 694 A.2d 343, 344 (Pa. Super. 1997), Appellant is claiming that the trial court lacked subject matter jurisdiction over him. "[C]hallenges to subject matter jurisdiction cannot be waived." **Commonwealth v. Jones**, 929 A.2d 205, 210 (Pa. 2007) (citation omitted). Nevertheless, we may affirm the decision of the trial court on any grounds. **See Commonwealth v. Gatlos**, 76 A.3d 44, 62 n.14 (Pa. Super. 2013).

Super. 1998), *appeal denied*, 727 A.2d 128 (Pa. 1998) (citation and quotation marks omitted). "[A] criminal information satisfies the constitutional requirements, under the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, that a defendant be given formal, specific notice of the charged crimes." **Commonwealth v. Nischan**, 928 A.2d 349, 356 (Pa. Super. 2007), *appeal denied*, 936 A.2d 40 (Pa. 2007) (citation omitted).

> The purpose of an Information or an Indictment is to provide the accused with sufficient notice to prepare a defense, and to ensure that he will not be tried twice for the same act. An Indictment or an Information is sufficient if it sets forth the elements of the offense intended to be charged with sufficient detail that the defendant is apprised of what he must be prepared to meet, and may plead double jeopardy in a future prosecution based on the same set of events. This may be accomplished through use of the words of the statute itself as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.

**Commonwealth v. Chambers**, 852 A.2d 1197, 1199 (Pa. Super. 2004), *appeal denied*, 871 A.2d 188 (Pa. 2005) (citations and quotation marks omitted); **see also** Pa.R.Crim.P. 560(B).

Here, the Information charges that Appellant:

. . . on or about Tuesday, the 10th day of November, 2015, in the said County of Schuylkill:

**COUNT 1: AGGRAVATED ASSAULT—POLICE OFFR., ETC. – (FELONY 1)**

did attempt to cause, or intentionally, knowingly, or recklessly did cause serious bodily injury to Jeffrey Banks, a Lt. at SCI Mahanoy, while in the performance of duty, all of which constitutes Aggravated Assault—Police Officer, Etc., in violation of Section

2702(a)(2) of the Pennsylvania Crimes Code, Act 75(1), eff. August 31, 1996, [(]18 Pa.C.S. Section 2702(a)(2)[)].

**COUNT 2: SIMPLE ASSAULT – (MIDSEMEANOR 2)**

did attempt to cause, or intentionally, knowingly, or recklessly did cause bodily injury to another, namely, Lt. Jeffrey Banks, all of which constitutes Simple Assault, in violation of Section 2701(a)(1) of the Pennsylvania Crimes Code, Act of December 6, 1972, [(]18 Pa.C.S. Section 2701(a)(1)[)].

**COUNT 3: HARASSMENT — (SUMMARY)**

with the intent to harass, annoy, or alarm another, namely Lt. Jeffrey Banks, did unlawfully strike, shove, kick, or otherwise subject the person to physical contact, or attempts or threatens to do the same, all of which constitutes Harassment, in violation of Section 2709(a)(1) of the Pennsylvania Crimes Code, Act of December 6, 1972, as amended, [(]18 Pa.C.S. Section 2709(a)(1)[)].

\*   \*   \*

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.

(Information, 4/28/16). The trial court observed that the information, which was signed by the District Attorney, "contains a proper caption, the date of the offense, the county where the offense took place, a plain and concise statement of the essential elements of each offense, and a proper concluding statement. It also contains the citations for each of the statutes violated." (Trial Ct. Op., at 3-4).

Upon review, we conclude that, through the criminal information, the Commonwealth provided Appellant with a formal and specific accusation of crimes charged. **See Hatchin**, **supra** at 408. The information fully set forth the elements of the offenses charged with sufficient detail. **See Chambers**,

*supra* at 1199; *see also* Pa.R.Crim.P. 560(B). Therefore, Appellant's challenge to the court's subject matter jurisdiction is meritless.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/08/2018