**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROSE LIMULI | |
| Appellant | No. 2099 EDA 2017 |

Appeal from the Judgment of Sentence Entered June 5, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0004644-2016

BEFORE:  BENDER, P.J.E., STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                          **FILED JULY 09, 2018**

Appellant Rose Limuli appeals from the June 5, 2017 judgment of sentence entered in the Court of Common Pleas of Montgomery County ("trial court"), following her jury convictions on two counts of institutional sexual assault, 18 Pa.C.S.A. § 3124.2(a.2)(1).  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  As recounted by the trial court:

> On April 18 2016, the Upper Dublin police department took a statement from a male student who was at the time a senior attending the school.  The victim recounted having a sexual relationship with [Appellant], an English teacher in the Upper Dublin School District in exchange for benefits such as food, money, and presents.  The victim stated that starting in November or December of 2015, Appellant would give the victim rides home from school and in doing so, stop at local, isolated places and perform oral sex on the victim.  The victim reported that these acts occurred semi-regularly, and that he received oral sex from Appellant on at least ten occasions between November 2015 and

_____

[*] Retired Senior Judge assigned to the Superior Court.

March 2016. According to the victim, Appellant also went to the victim's house and engaged in sexual intercourse on one occasion. In return for his participation and discretion, the victim received gifts such as sneakers, clothing, cash, and a dirt bike. Appellant was charged with 12 counts of Institutional Sexual Assault (11 count indecent contact, one count of deviate sexual intercourse).

On September 23, 2016, Appellant filed a Petition for Writ of *Habeas Corpus* on the grounds that no evidence existed to establish a *prima facie* case against Appellant. The Honorable Thomas P. Rogers presided over Appellant's *habeas corpus* hearing, during which time the victim testified to the multiple occasions on which Appellant performed oral sex on the victim, one occasion on which Appellant grabbed victim's groin area, and one occasion on which Appellant and victim engaged in sexual intercourse. Pursuant to this hearing, Judge Rogers denied Appellant's petition for writ of *habeas corpus*.

On February 21, 2017, the undersigned presided over Appellant's three day trial. After hearing from both the Commonwealth and the defense, the jury found Appellant guilty of two counts of Institutional Sexual Assault (one count deviate sexual intercourse and one count indecent contact). Appellant deferred sentencing following a pre-sentence investigation report and a sexually violent predator assessment.

Prior to sentencing, the undersigned received and reviewed a sexual offender assessment report, a psychosexual evaluation report, and pre-sentence investigation report. Defense counsel provided a memorandum in aid of sentencing which included eleven statements of character. At Appellant's sentencing hearing, Appellant's brother and three of Appellant's friends [testified] on her behalf. All four individuals testified as to her giving nature and close relationship with her son, for whom she cares. Additionally, Appellant allocuted and emphasized her regret for putting her family through any pain and suffering, and requested the court allow her [to] remain at home and tend to her son. The undersigned sentenced Appellant to 2-12 months of incarceration on both charges to run concurrently, followed by 3 years' probation to run concurrently with parole. Appellant was also ordered to have no contact of any kind with the victim or the victim's family.

Trial Court Opinion, 8/23/17, at 1-3 (footnotes omitted) (citations omitted).

On June 15, 2017, Appellant filed a post-sentence motion, challenging the

discretionary aspects of her sentence and the weight of the evidence. On June

23, 2017, the trial court denied Appellant's post-sentence motion. Appellant

timely appealed to this Court. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant, complied, raising several assertions of error. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that Appellant was not entitled to relief.

On appeal, Appellant raises four issues for our review:

I. Did the trial court err in sentencing Appellant to a sentence that included a term of incarceration when Appellant is the primary caretaker for a young child and had no prior convictions and when the commonwealth acknowledged that, if Appellant had pled guilty, her sentence would have been probationary?

II. Did the trial court err in failing to initially dismiss the charges under petition for *habeas corpus* since no evidence was presented at that hearing that specified a date of the incidents and, even within the limited scope of that *habeas corpus* hearing, the victim demonstrated his complete inability to tell the truth and that witness was the sole witness at the hearing?

III. Did the trial court err in failing to grant Appellant's post-sentence motion as to the Commonwealth's failure to specifically delineate dates upon which crimes occurred in the bills of information?

IV. Was the evidence presented at trial of sufficient weight and credibility that would support a conviction of [Appellant] in that no expert testified as to the manner by which phone logs were created or what the proper time coding should have been for various call or chat logs and the only other evidence presented was that of the less than credible adult victim?

Appellant's Brief at 5-6 (unnecessary capitalizations omitted).

We address Appellant's claims *seriatim*. Appellant first argues that the trial court abused its discretion in imposing upon her a mitigated sentence of imprisonment when she had no prior convictions and was the primary caretaker for her young child. Appellant's claim implicates only the discretionary aspects of his sentence. In this regard, we note that it is well-

- 3 -

settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. ***See Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001), ***appeal denied***, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part ***Moury*** test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through her post-sentence motions, and included a

Pa.R.A.P. 2119(f) statement in her brief.[1] We, therefore, must determine only if Appellant's sentencing issues raise a substantial question.

An appellant must raise "a substantial question that the sentence appealed from is not appropriate under the Sentencing Code" in order to challenge the discretionary aspects of sentencing. *Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015). In the matter *sub judice*, Appellant claims that the trial court did not consider the mitigating circumstances in this case.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013)). Further, we have "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Id.* at 903 (quoting *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010)). Thus, Appellant's claim does not raise a substantial question for our review. Accordingly, the claim fails.

---

[1] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

We now turn our attention to Appellant's second issue that the trial court erred in dismissing her *habeas corpus* petition wherein she argued that the Commonwealth failed to establish a *prima facie* case. It is well settled that when, at trial, the Commonwealth proves the offense beyond a reasonable doubt, any pretrial defects regarding the sufficiency of the evidence is considered harmless. **Commonwealth v. Ricker**, 120 A.3d 349, 353 (Pa. Super. 2015). Thus, because Appellant was convicted, she cannot now challenge the trial court's pretrial denial of her *habeas* petition alleging that the Commonwealth had failed to present a *prima facie* case. **See Commonwealth v. Lee**, 662 A.2d 645, 650 (Pa. 1995) (noting when a case goes to trial and results in a guilty verdict, any claim that the Commonwealth failed to establish a *prima facie* case is moot).

We next address Appellant's contention that the trial court erred in failing to grant her post-sentence motion as to the Commonwealth's failure to specifically delineate dates upon which crimes occurred in the bill of information. Appellant's Brief at 24. Specifically, Appellant argues that "[t]here are twelve allegations of criminality set forth in the bills, all of which are identical and which took place 'between Tuesday, the 1st day of December 2015 and Thursday, the 31st day of March 2016.'" **Id.** In essence, Appellant

argues that the Commonwealth should have, but failed to, specify in the bill of information the exact dates when the crimes at issue occurred.[2]

Preliminarily, we note that Appellant has failed to preserve this issue for our review because, based on our review of the record, she did not seek to quash or object to any alleged deficiencies in the bill of information either prior to or during trial. *See Commonwealth v. Martin*, 694 A.2d 343, 344 (Pa. Super. 1997) ("A request to quash an information must be made in an omnibus pretrial motion for relief or it is considered waived.") (citation omitted). Even if this issue were preserved, Appellant still would not be entitled to relief.

Pennsylvania Rules of Criminal Procedure 560 provides in pertinent part:

(B) The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:

. . . .

---

[2] To the extent Appellant challenges the jury instructions with respect to specific dates, the trial court's failure to poll the jury, and the admission at trial of snapchat logs and text messages, such challenges, based on our review of the trial transcripts, are waived because Appellant failed to preserve them in the trial court. *See Moury*, 992 A.2d at 178 ("A specific and timely objection must be made to preserve a challenge to a particular jury instruction."); *see Commonwealth v. Pacini*, 307 A.2d 346, 347 (Pa. Super. 1973) (noting that Appellant must exercise timely his right to poll the jury); Pa.R.Crim.P. 648(G) ("Before a verdict, whether oral or sealed, is recorded, the jury shall be polled at the request of any party."); *see Commonwealth v. Radecki*, 180 A.3d 441, 455 (noting that to preserve issue for appellate purposes, party must make timely and specific objection to ensure trial court has opportunity to correct alleged error); Pa.R.E. 103(a) (providing that an "[e]rror may not be predicated upon a ruling that admits or excludes evidence unless . . . a timely objection . . . appears of record.").

(3) the date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or **if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient**[.]

Pa.R.Crim.P. 560(b)(3) (emphasis added).  In **Commonwealth v. Einhorn**, 911 A.2d 960 (Pa. Super. 2006), **appeal denied**, 920 A.2d 831 (Pa. 2007) we held that exact date of an offense is unnecessary to provide sufficient notice, where the date is not an essential element of the offense.  **Einhorn**, 911 A.2d at 978.

Here, it is uncontested that the dates are not an element of institutional sexual assault.  **See** 18 Pa.C.S.A. § 3124.2(a.2)(1). (2).  It also is uncontested that "Appellant and the victim had multiple interactions with each other, sexual and other, over a period of several months" sufficient to constitute a continuing offense under Rule 560(b)(3).  **See** Trial Court Opinion, 8/23/17, at 7.  Furthermore, it is uncontested that the Commonwealth brought this action within the applicable statute of limitation, which is two years.  **See** 42 Pa.C.S.A. § 5552(a).  As a result, based on Rule 560(b)(3) and consistent with **Einhorn**, we agree with the trial court's conclusion that the bill of information was not defective.  Accordingly, Appellant's third issue fails.

Lastly, Appellant argues that the verdict was against the weight of the evidence.[3] As this Court has explained:

> On this issue, our role is not to consider the underlying question of whether the verdict was against the weight of the evidence. Rather, we are to decide if the trial court palpably abused its discretion when ruling on the weight claim. When doing so, we keep in mind that the initial determination regarding the weight of the evidence was for the factfinder. The factfinder was free to believe all, some or none of the evidence. Additionally, a court must not reverse a verdict based on a weight claim unless that

_____

[3] To the extent Appellant challenges the sufficiency of the evidence with respect to her convictions for institutional sexual assault, such claim is not preserved for review. Appellant's statement of questions involved is devoid of a sufficiency-of-the-evidence claim. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Even if Appellant's Rule 2116 contained a sufficiency claim, we would not be able to review it because she failed to specify in her Rule 1925(b) statement the element or elements upon which the evidence was insufficient. *See Commonwealth v. Garang*, 9 A.3d 237, 246 (Pa. Super. 2010) ("[W]hen challenging the sufficiency of the evidence on appeal, the Appellant's 1925 statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal.") (quotations and citation omitted). Finally, even if Appellant had preserved her sufficiency claim for our review, we still would be unable to review it because Appellant failed to specify in her argument section the element or elements of the crime upon which the evidence is insufficient. Rather, Appellant appears to challenge the trial court's evidentiary rulings and its credibility determinations. Challenges to credibility go to the weight of the evidence, not the sufficiency of the evidence. *See Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 160 (Pa. Super. 2007) (claim that jury should have believed appellant's version of event rather than that of victim goes to weight, not sufficiency of evidence); *Commonwealth v. Wilson*, 825 A.2d 710, 713–14 (Pa. Super. 2003) (review of sufficiency of evidence does not include assessment of credibility of testimony; such claim goes to weight of evidence); *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997) (credibility determinations are made by finder of fact and challenges to those determinations go to weight, not sufficiency of evidence). Accordingly, even if it had been properly preserved, Appellant's sufficiency claim would lack merit.

verdict was so contrary to the evidence as to shock one's sense of justice.

***Commonwealth v. Habay***, 934 A.2d 732, 736-37 (Pa. Super. 2007) (internal citations omitted), ***appeal denied***, 954 A.2d 575 (Pa. 2008). "[A] trial court's denial of a post-sentence motion 'based on a weight of the evidence claim is the least assailable of its rulings.'" ***Commonwealth v. Sanders***, 42 A.3d 325, 331 (Pa. Super. 2012) (quoting ***Commonwealth v. Diggs***, 949 A.2d 873, 880 (Pa. 2008)).

In support of her weight of the evidence claim, Appellant looks to the inconsistent and incredible testimony of the victim.[4]  Appellant's Brief at 29. It is within the province of the jury to make credibility determinations and this Court will not reweigh credibility determinations on appeal. "Conflicts in the evidence and contradictions in the testimony of any witnesses are for the fact finder to resolve." ***Sanders***, 42 A.3d at 331 (citing ***Commonwealth v. Tharp***, 830 A.2d 519, 528 (Pa. 2003)). "A jury decision to credit certain evidence and reject other testimony is appropriate; therefore, the trial court did not abuse its discretion in concluding that its sense of justice was not shocked by the verdict." ***Id.***  Based upon our review, we find no abuse of

---

[4] Appellant did not challenge in the trial court the lack of expert testimony regarding the preparation of text message logs.  Thus, insofar as she seeks to do so for the first time on appeal, we decline to entertain it.  ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").  Even if this claim was preserved, Appellant still would not obtain relief because her expert witness argument, spanning barely five lines, is devoid of any meaningful analysis or citation to any legal authority in violation of Pa.R.A.P. 2119(a)-(b).

discretion on the part of the trial court for concluding its sense of justice was not shocked by the verdict. Appellant's final issue, therefore, fails.

In sum, we conclude that Appellant's issues either are not preserved or lack merit.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/18