J-A01037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEPHEN BUSH | : | |
| | : | |
| Appellant | : | No. 2800 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 23, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010530-2017

BEFORE:   NICHOLS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                              Filed: May 7, 2020

Appellant, Stephen Bush, appeals from the judgment of sentence following his conviction of strangulation, terroristic threats, simple assault, and recklessly endangering another person.[1]  We affirm.

On the afternoon of November 3, 2017, the victim, J.M., received a text message from Appellant; the victim and Appellant had been in a romantic relationship beginning in 2011 and had four children together, but the relationship ended in approximately 2015 or 2016.  In his text message, Appellant stated that "he was going to kill" the victim.  N.T., 4/26/18, at 8. The victim then called the police, took medication, and laid down on the couch. She awoke some time later to a loud bang caused by Appellant, accompanied

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2718(a)(1), 2706(a)(1), 2701(a), and 2705, respectively.

by his current girlfriend, breaking into the victim's home.  Appellant then jumped on top of the victim and began punching her and choking her to the point where she had difficulty breathing and almost lost consciousness.  The assault continued until the victim's neighbor came to her front door and yelled to the victim to ask if she was okay.  Appellant then left the victim's house, and the victim called the police.  Officers apprehended Appellant a short time later.

Appellant was initially charged in the criminal complaint with various offenses, including strangulation graded as a felony of the first degree.  On December 13, 2017, after the preliminary hearing, the Commonwealth filed a criminal information listing the charges Appellant was to face at trial, including, among other offenses, strangulation.[2]  With regard to the strangulation charge, the information provided as follows:

> **COUNT 4:  Strangulation - Applying Pressure to Throat or Neck (F1)**
>
> On or about:  11/03/2017      **18 § 2718 §§ A1**
> (a) Offense defined.--A person commits the offense of strangulation if the person knowingly or intentionally impedes the breathing or circulation of blood of another person by:
> (1) applying pressure to the throat or neck; or
> (2) blocking the nose and mouth of the person.

---

[2] Appellant was also charged with terroristic threats, simple assault, recklessly endangering another person, aggravated assault, 18 Pa.C.S. § 2702(a), burglary, 18 Pa.C.S. § 3502(a)(1)(i), conspiracy, 18 Pa.C.S. § 903, criminal trespass, 18 Pa.C.S. § 3503(a)(1)(ii), carrying a firearm without a license, 18 Pa.C.S. § 6106(a)(1), and carrying a firearm in public in Philadelphia, 18 Pa.C.S. § 6108.

(2) A violation of this section shall constitute a felony of the second degree if committed:

(i) against a family or household member as defined in 23 Pa.C.S. § 6102 (relating to definitions).

Complainant: [J.M.]

Information, 12/13/17, at 1 (emphasis in original).

Appellant proceeded to a non-jury trial held on April 26 and May 3, 2018. At the conclusion of trial, the trial court found Appellant guilty of terroristic threats, simple assault, and recklessly endangering another person, but held several of the remaining charges under advisement. On May 31, 2018, the trial court found Appellant also guilty of strangulation as a felony of the second degree.[3] On August 23, 2018, the trial court sentenced Appellant to a term of 11 ½ to 23 months of confinement followed by a three-year term of probation on the strangulation charge and an aggregate five-year term of probation on the remaining charges. Appellant filed a timely appeal of the judgment of sentence.[4]

Appellant raises the following issue on appeal:

Was it not a violation of Due Process and Pennsylvania law for appellant to be convicted of a crime, strangulation as a second degree felony, which was not charged at any stage in the

---

[3] Appellant was found not guilty of aggravated assault, conspiracy, criminal trespass, carrying a firearm without a license, and carrying a firearm in public in Philadelphia. Appellant's girlfriend, who was tried with Appellant, was acquitted of all charges.

[4] After being granted several extensions, Appellant filed his concise statement of errors complained of on appeal on January 17, 2019. The trial court issued its opinion on March 27, 2019.

prosecution and which is not a lesser included offense of the charged crime of which he was found not guilty?

Appellant's Brief at 3.

Appellant argues that his conviction of strangulation as a felony of the second degree violated his due process rights because he was convicted of a different offense from that which he was charged, the first-degree felony grade of that crime. Appellant contends that the fact that he was charged with first-degree felony strangulation can be seen from the criminal complaint and information, both of which list the offense as a first-degree felony. While it is recognized that a defendant may be convicted of a lesser-included offense included within a charge, Appellant contends that the second-degree felony is not a lesser included offense of the first-degree felony because it requires proof of an entirely separate element.

One of the essential elements of a criminal defendant's procedural due process rights is reasonable notice of the charges against him. *Commonwealth v. Baldwin*, 8 A.3d 901, 903 (Pa. Super. 2010). As our Supreme Court has explained,

> [D]ue process requires that the criminal information provide fair notice of every crime of which a criminal defendant is accused[.] To comport with due process, the notice provided must be sufficiently specific so as to allow the defendant to prepare any available defenses should he exercise his right to a trial. Such notice ensures that, if the Commonwealth prevails at trial, the defendant's conviction is not arbitrary or oppressive.

*Commonwealth v. Sims*, 919 A.2d 931, 939 (Pa. 2007) (citations omitted).

An information is "sufficient if it sets forth the elements of the offense intended

to be charged with sufficient detail that the defendant is apprised of what he must be prepared to meet, and may plead double jeopardy in a future prosecution based on the same set of events." ***Commonwealth v. Conaway***, 105 A.3d 755, 764 (Pa. Super. 2014) (citation omitted); ***see also Commonwealth v. Jones***, 912 A.2d 268, 289 (Pa. 2006) ("A criminal information is not constitutionally infirm if it notified the defendant of the crime with which he is charged."). "This may be accomplished through use of the words of the statute itself as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." ***Conaway***, 105 A.3d at 764 (citation and quotation marks omitted).

Although the information must provide a defendant with notice of the charges, our courts have cautioned that an information "must be read in a common sense manner and [is] not to be construed in an overly technical sense." ***Commonwealth v. Bickerstaff***, 204 A.3d 988, 995 (Pa. Super. 2019) (quoting ***Commonwealth v. Ohle***, 470 A.2d 61, 73 (Pa. 1983)). "Variations between allegations and proof at trial are not fatal unless a defendant could be misled at trial, prejudicially surprised in efforts to prepare a defense, precluded from anticipating the prosecution's proof, or otherwise impaired with respect to a substantial right." ***Id.*** (citation omitted).

Strangulation is defined as follows:

(a) Offense defined.--A person commits the offense of strangulation if the person knowingly or intentionally impedes the breathing or circulation of the blood of another person by:

- 5 -

(1) applying pressure to the throat or neck; or

(2) blocking the nose and mouth of the person.

. . .

(d) Grading.--

. . .

(2) A violation of this section shall constitute a **felony of the second degree** if committed:

(i) **against a family or household member as defined in 23 Pa.C.S. § 6102** (relating to definitions);

(ii) by a caretaker against a care-dependent person; or

(iii) in conjunction with sexual violence[, stalking, or human trafficking].

(3) A violation of this section shall constitute a **felony of the first degree** if:

(i) at the time of commission of the offense, the defendant is subject to an active protection from abuse order . . . or a sexual violence or intimidation protection order . . . that covers the victim;

(ii) **the defendant uses an instrument of crime** . . . in commission of the offense under this section; or

(iii) the defendant has previously been convicted of an offense under paragraph (2) or a substantially similar offense in another jurisdiction.

18 Pa. C.S. § 2718(a), (d) (emphasis added).

A defendant can be convicted of a crime that was not actually charged when the uncharged offense is a lesser-included offense of the charged crime. *Commonwealth v. Sims*, 919 A.2d 931, 938 (Pa. 2007); *Commonwealth v. Spanier*, 192 A.3d 141, 146 (Pa. Super. 2018). Our Supreme Court has defined a lesser-included offense in such cases to be an offense (i) that is

proved by the same or less than all the facts required to prove the charged offense; (ii) consists of an attempt or solicitation to commit the charged offense; or (iii) differs from the charged offense with respect to a less serious injury or risk of injury or lesser culpability necessary to prove the commission of the offense. *Sims*, 919 A.2d at 940-42. Strangulation as a felony of the second degree is not a lesser-included offense of the first-degree felony because it requires proof of distinct facts than the higher graded offense, is not an attempt or solicitation offense, and is not characterized by lesser injury or lesser culpability.

However, we conclude that strangulation as a second-degree felony was in fact included in the information filed in Appellant's case, and therefore Appellant was provided fair notice of the offense as to which he was convicted. While the information listed the strangulation offense as a felony of the first-degree, the information crucially included the element of the second-degree felony version that it was committed "against a family or household member as defined in" the Protection from Abuse Act. Information, 12/13/17, at 1; 18 Pa. C.S. § 2718(d)(2)(i). Appellant was therefore on notice of the element of strangulation that the Commonwealth sought to prove – that the victim was a family or household member as defined by statute – and as such could have prepared a defense to this charge. Indeed, Appellant's counsel conceded at trial that she had notice of the victim's status as a former family member of

Appellant.  N.T., 5/31/18, at 10.[5]  Furthermore, the Commonwealth clearly established that she was a family or household member as defined by statute through the victim's testimony that she and Appellant had previously been in an intimate relationship, had lived together for some period, and had four children together.  N.T., 4/26/18, at 4-5; *see* 23 Pa.C.S. § 6102(a) (defining a family or household member to include "current or former sexual or intimate partners or persons who share biological parenthood"); *Evans v. Braun*, 12 A.3d 395, 399 (Pa. Super. 2010) (parties who were involved in a "dating relationship" fell within Section 6102's definition of a family or household member).

Appellant nevertheless argues that, because the complaint and information listed the offense as an "F1," he was "misled" to believe that he was being charged with strangulation as a felony of the first degree based upon his alleged possession and discharge of a handgun during the incident.[6] Appellant's Reply Brief at 4.  While Appellant was charged with two firearm

---

[5]  THE COURT: [The victim] clearly is identified [as] the person under the statute as a family member.

[Appellant's Counsel]: Yes.

THE COURT: So we had notice of that?

[Appellant's Counsel]: Yes.

N.T., 5/31/18, at 10.

[6] The victim testified that after Appellant released her from the chokehold "he pulled that gun out of his hoodie and shot at me twice."  N.T, 4/26/18, at 15. The police officers who testified at trial did not recover any ballistics evidence at the scene or examine for bullet holes.

offenses that he was ultimately acquitted of, neither the complaint nor the information states that the Commonwealth sought to prove that he was guilty of the first-degree felony offense because he "use[d] an instrument of crime." 18 Pa. C.S. § 2718(d)(3)(ii). Rather, the only element listed in either of the charging documents pertaining to the grading of the strangulation offense was the reference in the information to the second-degree felony grading where the criminal act was perpetrated "against a family or household member." Information, 12/13/17, at 1; 18 Pa. C.S. § 2718(d)(2)(i). Therefore, Appellant could only be said to have been misled to the extent he only cursorily glanced at Count 4 of the information and saw that the strangulation was graded as an "F1" but failed to read the elements of the charged offense. Appellant's claim that he was misled rings particularly hollow in light of the fact that the express purpose of an information is to "set forth all the elements necessary to constitute the offense intended to be punished." *Conaway*, 105 A.3d at 764 (citation and quotation marks omitted). While we agree with Appellant that the information was not a model of clarity, the issue before us is whether, reading the information with a common sense, not overly technical manner, Appellant had fair notice of the charges against him. *Bickerstaff*, 204 A.3d at 995. Under this standard, Appellant's due process rights were not violated.[7]

_____

[7] Appellant also contends that the fact that strangulation was listed on the jury trial waiver colloquy form that he completed as an "F1" resulted in the

Appellant further argues that the Commonwealth never sought leave of the trial court to add strangulation as a felony of the second degree after the preliminary hearing and the addition was not proper under Rule of Criminal Procedure 560(B)(5), which states that an information may only contain offenses "substantially the same as or cognate[s] to the offense[s] alleged in the complaint." Pa.R.Crim.P. 560(B)(5). Appellant contends that second-degree felony strangulation is not a cognate offense to the first-degree felony because the first-degree and second-degree felony each require proof of a distinct element from the other.

This argument is waived. A challenge to a criminal information must be raised in an omnibus pre-trial motion. Pa.R.Crim.P. 578 ("Unless otherwise required in the interests of justice, all pretrial requests for relief shall be included in one omnibus motion."); *id*., comment (stating that a request "to quash or dismiss an information" is one of the "[t]ypes of relief [that is] appropriate for the omnibus pretrial motion"). Failure to bring the challenge to the information in a pre-trial motion results in waiver. **Commonwealth v. Martin**, 694 A.2d 343, 344 (Pa. Super. 1997) ("A request to quash an information must be made in an omnibus pretrial motion for relief or it is

_____

waiver of the second-degree felony claim. Written Jury Trial Waiver Colloquy, 4/26/18, at 3. However, the charges were listed on the form to apprise him only of the maximum penalty he faced, not to inform him of the elements of the charges. *Id.* Furthermore, as Rule 560 explains, the information, not the colloquy form, is the operative document for specifying the charges at trial. *See* Pa.R.Crim.P. 560(D) ("In all court cases tried on an information, the issues at trial shall be defined by such information.").

considered waived." (citation omitted)). Because Appellant did not file an omnibus motion challenging the information, we may not address his appellate challenge to the addition of the charge of strangulation as a felony of the second degree. *Id*.

Even if we were to address the merits of this issue, we would conclude that second-degree felony strangulation is a cognate offense of first-degree felony strangulation. This Court has defined a "cognate offense" as a "lesser offense that is related to the greater offense because it shares several of the elements of the greater offense and is of the same class or category." ***Commonwealth v. Weigle***, 949 A.2d 899, 905 (Pa. Super 2008), *aff'd on other grounds*, 997 A.2d 306 (Pa. 2010) (quoting Black's Law Dictionary 1108 (7th ed. 1999)). Both first-degree and second-degree felony strangulation share several elements in common, that the defendant "knowingly or intentionally impedes the breathing or circulation of the blood of another person by: (1) applying pressure to the throat or neck; or (2) blocking the nose and mouth of the person." 18 Pa.C.S. § 2718(a). The first-degree felony and second-degree felony then only require proof of one additional element. 18 Pa. C.S. § 2718(d)(2), (3). Moreover, it is patently evident that the different felony grades of the strangulation offense fall within the "same class or category" as they appear in the same statute and address the same criminal behavior. **Compare Commonwealth v. Sinclair**, 897 A.2d 1218, 1222 (Pa. Super. 2006) (holding that driving under the influence offenses set forth in different subsections of the same statute but requiring proof of separate

elements are cognate offenses), *with Weigle*, 949 A.2d at 907 (holding that robbery and retail theft are "not of the same class or category of offenses to be considered cognate" because, while the proof of theft was common to both crimes, "[r]obbery bears only a secondary relationship to theft but is principally directed at protection of the person").[8]

For the foregoing reasons, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/20

---

[8] While, as noted above, second-degree felony strangulation is not a lesser-included offense of the first-degree felony, Appellant has cited no precedent, nor are we aware of any, holding that the lesser-included offense analysis is synonymous with the language of Rule 560(B)(5) permitting the inclusion of offenses in an information that are "substantially the same as or cognate to the offense alleged in the complaint." Pa.R.Crim.P. 560(B)(5).